**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Jane READ, Defendant-Appellant.**

**Nos. 84–3101, 84–3102.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1985.

Decided Dec. 23, 1985.

As Amended Feb. 10, 1986.

Charles H. Turner, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Stephen F. Crew, O'Donnell & Ramis, Portland, Or., for defendant-appellant.

Before TANG, and FARRIS, Circuit Judges, and KELLEHER,* District Judge.

FARRIS, Circuit Judge:

Jane Read appeals from a judgment of conviction of wire fraud, 18 U.S.C. § 1343, and conspiracy to commit wire fraud, 18 U.S.C. § 371, entered upon her *Alford* plea on October 1, 1985. Read contends that the trial court abused its discretion in denying her presentence motion to withdraw her *Alford* plea. In a consolidated appeal, Read also challenges the district court's denial of release on bail pending disposition of the appeal of her conviction.

* The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

Jurisdiction in the trial court was predicated upon 18 U.S.C. § 3231. Read filed timely appeals from both the Judgment and Commitment Order of October 5, 1984, and the district court's denial of release on bail pending appeal of October 2, 1984. We have jurisdiction over the consolidated appeals pursuant to 28 U.S.C. §§ 1291 and 1294(1).

On June 15, 1983 Jane Read was indicted on four counts of fraud by wire, 18 U.S.C. § 1343, three counts of causing a person to travel in interstate commerce for purposes of executing a scheme to defraud, 18 U.S.C. § 2314, and one count of conspiracy to defraud. 18 U.S.C. § 371. The matter proceeded to trial on May 29, 1984.

On May 31, 1984, following a recess, Read, through counsel, expressed a desire to withdraw her plea of not guilty as to all counts and to enter a plea of guilty, without admitting guilt, as to Counts I (conspiracy) and VIII (one of the wire fraud counts). *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). No written agreement was submitted to the trial court, but the plea agreement was described orally in open court. In return for Read's agreement to enter an *Alford* plea as to counts I and VIII, the government would, *inter alia,* (1) agree to the dismissal of Counts II through VII at sentencing, and (2) "take no position on what sentence should be imposed." After engaging in a colloquy with Read in substantial conformance with Fed.R.Crim.P. 11, the trial judge accepted Read's *Alford* plea.[1] A presentence investigation was ordered and the matter was set for sentencing.

On September 19, 1984, Read moved to withdraw her *Alford* plea pursuant to Fed. R.Crim.P. 32(d). She contended that pretrial contacts between the prosecution and certain veniremen, not disclosed to the court or defense counsel, violated her rights to equal protection, due process, and trial by an impartial jury. Read further contended that she did not fully understand the consequences of her plea, that Rule 11 "was not complied with sufficiently," and that her plea was entered in haste and confusion and "was, in essence, involuntary."

By letter of September 21, 1984, the government advised the district court of criminal activities allegedly engaged in by Read following her plea and conviction. The U.S. Attorney expressed his belief that the information "is appropriately brought to [the court's] attention for consideration in sentencing deliberations," and opined that said information "is relevant to sentencing criteria including specific deterrence and protection."

On October 1, 1984, the district court heard argument on Read's motion to withdraw her plea. In addition to the arguments raised in her written motion of September 21st, she argued that the government took a position on sentencing in violation of the plea agreement. Read's motion was denied from the bench and the court proceeded to sentencing.

Immediately following sentencing, Read, through counsel, expressed her intention to appeal and moved for release on bond pending appeal. This motion was denied from the bench. On October 2, 1984, the district court filed an opinion explaining its rulings on Read's motions to withdraw her plea and for release on bond pending appeal. On the same date, by "emergency motion," Read requested that we order her release on bail "pending entry of judgment and appeal therefrom." On October 3, 1984, Read filed a notice of appeal from the district court's order of October 2, 1984 denying her motion for release on bail pending appeal. On October 5, 1984, the Judgment and Commitment Order dated October 1, 1984 was entered on the district court docket. On October 15, 1984, Read filed her notice of appeal from this final judgment. On November 7, 1984, we denied her "emergency motion" for bail pending appeal.

---

**1.** In her brief, defendant asserts that the Rule 11 colloquy was conducted *after* entry of the plea.

The transcript of the colloquy belies this assertion.

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Johnson*, 760 F.2d 1025, 1026 (9th Cir.1985); *United States v. Castello*, 724 F.2d 813, 814 (9th Cir.1984); *United States v. Read*, 534 F.2d 858, 859 (9th Cir.1976). While withdrawal of a plea before sentencing is freely granted when there is a "fair and just" reason for withdrawal, Fed.R.Crim.P. 32(d), the burden of showing such a reason rests with the defendant. *Castello*, 724 F.2d at 814; *United States v. Navarro-Flores*, 628 F.2d 1178, 1183 (9th Cir.1980). The defendant has no "right" to withdraw her plea. *Castello*, 724 F.2d at 814; *United States v. Youpee*, 419 F.2d 1340, 1343 (9th Cir.1969).

The district court's findings as to the voluntariness of a guilty plea will not be disturbed unless clearly erroneous. *Chua Han Mow v. United States*, 730 F.2d 1308, 1310 (9th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985).

## DISCUSSION

### I) Bail Pending Appeal

By order of November 7, 1984 we denied Read's emergency motion for release on bail pending appeal. That order disposed of the bail issue. We need not entertain a separate appeal from the district court's denial of bail. *See United States v. Perdomo*, 765 F.2d 942 (9th Cir.1985).

### II) Withdrawal of the *Alford* Plea

"If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). The trial court may "vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear, or inadvertence." *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). "The Government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a guilty plea, although such prejudice may be considered by the district court in exercising its discretion." *United States v. Saft*, 558 F.2d 1073, 1083 (2d Cir.1977), *cited with approval in* Fed.R.Crim.P. 32(d) advisory committee note. *See also United States v. Del Valle-Rojas*, 463 F.2d 228, 229 (9th Cir. 1972).

### A) Contact with Jurors

To the extent Read's appeal is based upon allegations of pretrial prosecutorial contact with certain veniremen, it is without merit. She has failed to suggest any nexus whatsoever between the alleged contact and her plea. She admits that neither she nor her attorney became aware of the alleged contact until *after* she had entered her plea.

### B) Plea Not Voluntary and Intelligent

A guilty plea is valid so long as it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). The record reflects that Read entered her plea voluntarily and intelligently, upon the advice of counsel, and with full knowledge of the consequences of the plea.

### C) Breach of the Plea Agreement

Read contends that the government's letter to the trial judge of September 21, 1984, is a violation of the plea agreement.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). A prosecutor's failure to comply with the terms of a plea agreement "can in some circumstances render a defendant's plea involuntary and thereby undermine the constitutional validity of a conviction based upon the plea."

*United States v. Corsentino,* 685 F.2d 48, 51 (2d Cir.1982). *See also Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). When a constitutional violation is shown, the district court's discretion under Rule 32(d) is "strictly curtailed." *United States v. Crusco,* 536 F.2d 21, 26 (3d Cir.1976).

 Although the plea bargain is a matter of criminal jurisprudence, a plea bargain is contractual in nature and is measured by contract-law standards. *United States v. Krasn,* 614 F.2d 1229, 1233 (9th Cir.1980). Thus, any dispute over the terms of the agreement "will be determined by objective standards." *United States v. Travis,* 735 F.2d 1129, 1132 (9th Cir.1984). To determine whether the plea agreement was violated, we first determine "what the parties to this plea bargain reasonably understood to be the terms of the agreement." *United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir.1979). What the parties agreed to "is a question of fact to be resolved by the district court." *Krasn,* 614 F.2d at 1233. *See also Arnett,* 628 F.2d at 1164. Accordingly, the district court's findings as to the terms of a plea agreement are reviewed only for clear error. *Krasn,* 614 F.2d at 1233. "The government will be held to 'the literal terms of the agreement'." *Travis,* 735 F.2d at 1132, *quoting United States v. Garcia,* 519 F.2d 1343, 1344–45 (9th Cir. 1975).

The bargain included a commitment by the government to "take no position on what sentence should be imposed." The government reserved "the right to answer any questions the Court might have at the time of sentencing" and "to respond to any statement by counsel pursuant to the right of allocution," and advised the court "that an FBI investigation has been proceeding with respect to the activities of Ms. Read ... in the Palm Springs area."

The letter of September 21, 1984 called the court's attention to certain illegal acts allegedly engaged in by Read after she had entered her *Alford* plea and opined (1) that information concerning said acts was "appropriately brought to [the court's] attention for consideration in sentencing deliberations" and (2) that such information was "relevant to sentencing criteria including specific deterence and protection."

Read contends that the letter "was unquestionably designed to influence the court's sentencing decision," and therefore "constituted a breach of the government's promise" to "take no position on what sentence should be imposed."

The trial court considered this dispute: Read claims that the FBI (and the prosecutor's office) by responding to Probation Office [sic] Looney's request for information about any possible new scams were faithless to the plea bargain which the parties struck on May 31. I reject this claim. The testimony furnished yesterday shows that Looney had every right to collect all facts possible to give the Court for purposes of achieving an appropriate sentence. Simply because he was unaware that the government had agreed to "take no position" does not mean that he should not peer into every reasonably available nook and cranny. Nor does it mean that the prosecutor, and the FBI should not furnish relevant information to the Court upon request.

While we agree in part with the reasoning of the learned trial judge, the language "take no position on what sentence should be imposed" *is* vague. A responsible public servant who recognizes the desirability of clarity in agreements would avoid its use. A cursory review of decided cases quickly indicates the confusion that its use has caused. *See, e.g., United States v. Carbone,* 739 F.2d 45 (2d Cir.1984); *United States v. Corsentino,* 685 F.2d 48 (2d Cir. 1982); *United States v. Block,* 660 F.2d 1086 (5th Cir.1981), *cert. denied,* 456 U.S. 907, 102 S.Ct. 1753, 72 L.Ed.2d 164 (1982); *United States v. Arnett,* 628 F.2d 1162 (9th Cir.1979); *United States v. Miller,* 565 F.2d 1273 (3d Cir.1977), *cert. denied,* 436 U.S. 959, 98 S.Ct. 3076, 57 L.Ed.2d 1125 (1978).

Read concedes, as she must, that the prosecutor was obligated to bring her conduct subsequent to conviction to the court's attention: "[A]ny time a prosecutor is aware that the court is about to impose sentence based upon incomplete or inaccurate information, the prosecutor has the duty to inform the court of the correct or missing information." *Block*, 660 F.2d at 1091 n. 7. She argues, however, that since the plea agreement precluded such communications, there was a failure of consideration and she should be permitted to withdraw her plea. *See United States v. Cook*, 668 F.2d 317, 320 (7th Cir.1982) ("Regardless of whether the Government has authority to withhold relevant information, if it did in fact promise to do so, then [defendant] is entitled to relief").

■■■ We understand but reject the argument. The plea agreement did not obligate the Government to withhold factual information concerning events occurring *subsequent* to Read's conviction, events of which the sentencing judge could not be aware from review of the record.

At the entry of the plea, the Government advised the court that an FBI investigation was proceeding with respect to Read's activities in the Palm Springs area. The prosecutor was obligated to reveal to the sentencing judge pertinent factual information concerning her activities between conviction and sentencing. Upon the record, the parties could not have reasonably understood the plea agreement to include a promise to withhold such information. *See Arnett*, 628 F.2d at 1164.

The Government did not breach its plea agreement with Read. The trial court did not abuse its discretion in denying Read's motion to withdraw her *Alford* plea.

AFFIRMED.