944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Todd CARRIER, Defendant-Appellant.
 No. 88-3304.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 10, 1991.
Decided Sept. 24, 1991.
 
 Before GOODWIN, SCHROEDER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On September 17, 1987, appellant Lawrence Todd Carrier pleaded guilty to aiding and abetting the manufacture of methamphetamine. Carrier appeals the district court's denial of his motion to withdraw his plea of guilty, arguing that at the time of the plea he had not read the indictment and that physical ailments caused by a recent concussion prevented him from understanding the indictment and the plea agreement. Carrier also contends that the district court erred in denying his motion to dismiss on jurisdictional grounds, because the statutory scheme supporting his conviction was created through an unconstitutional exercise of congressional authority.
 
 
 3
 The district court, after listening to the evidence presented at the hearing, reading the hearing transcripts and reviewing all written memoranda submitted by the parties, concluded the defendant did not present a "fair and just" reason for withdrawing his guilty plea. Carrier's claim, that he did not understand the plea agreement, was contradicted by the record as indicated by: his own admission that the agreement was read to him, his coherent remarks about the substantive content of the plea agreement, and testimony by his attorney that he had heard and understood the agreement.
 
 
 4
 The district court concluded that Carrier's claim of physical impairment was also without merit: "The evidence clearly established that he was neither under the influence of prescription medication nor suffering from symptoms of a concussion. Further his answers were clear, appropriate, and demonstrated a full understanding of the questions." The hearing transcript supports the district court's finding, for it reflects that Carrier responded clearly and intelligently to thirty-seven different inquiries by the court during the plea petition proceeding.
 
 
 5
 Testimony offered during the hearing on the motion to withdraw the plea revealed that Carrier's medical record, although replete with information about Carrier's concussion and subsequent symptoms, wholly lacked any evidence that Carrier was physically impaired on September 17, the date the plea was accepted. In fact, Carrier's physician testified that on October 8 Carrier told her that his symptoms had ceased September 15 and had not returned until October 6.
 
 
 6
 The trial judge's findings on subsidiary facts will be upheld unless clearly erroneous. United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988). The subsidiary facts relied on by the district court in this case were not clearly erroneous. The grant or denial of a motion to withdraw is committed to the sound discretion of the district court. United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). The district court did not abuse its discretion in concluding that Carrier failed to present a "fair and just" reason for withdrawing his guilty plea.
 
 
 7
 The appellant also contends that the seventeenth amendment to the United States Constitution (providing for the election of Senators) is invalid because the amendment was proposed by Congress and approved by state legislatures through quorum votes rather than total membership votes. This is a frivolous argument. In National Prohibition Cases the Supreme Court reached the following conclusion:
 
 
 8
 The two-thirds vote in each House which is required in proposing an amendment is a vote of two-thirds of the members present--assuming the presence of a quorum--and not a vote of two-thirds of the entire membership, present and absent. Missouri Pacific Ry. Co. v. Kansas, 248 U.S. 276 (1919).
 
 
 9
 253 U.S. 350, 386 (1920). The Court's reasoning in National Prohibition Cases sanctions ratification by state legislatures by quorum vote as well. There is no support for the appellant's argument that the laws under which he was charged were invalid. Carrier's argument on this issue must be rejected.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3