949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Brian LONG, Defendant-Appellant.
 No. 90-30387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 10, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven B. Long appeals his sentence for importation of phenylacetic acid with intent to manufacture methamphetamine, 21 U.S.C. § 960(d)(2). He contends that his sentence violated 18 U.S.C. § 3742(a)(1) and (2) because the district court failed to follow section 2X5.1 of the Sentencing Guidelines. He argues that section 2X5.1 allows a judge to use the discretionary sentencing provisions of 18 U.S.C. § 3553(b) to mitigate the sentence specified in his plea agreement.
 
 
 3
 * In exchange for a guilty plea to an importation charge, Long and the government made a plea agreement that provided:
 
 
 4
 the appropriate disposition of this case is that STEVEN B. LONG be sentenced to imprisonment for a period of ten (10) years. In addition, the United States agrees to dismiss the remaining counts of the superseding indictment as to STEVEN B. LONG at the time of sentencing.
 
 
 5
 Long moved to withdraw his plea and reenter a guilty plea. The effect would have been to rescind the plea agreement. After a status conference, where the court divulged that withdrawal would expose Long to the additional counts, he withdrew his motion to withdraw his plea.
 
 
 6
 The Guidelines do not contain an offense designation for possession of phenylacetic acid. Lacking a conversion factor in the drug equivalency tables and a specific guideline for phenylacetic acid, the court turned to section 2X5.1:
 
 
 7
 if the offense is a felony ... for which no guideline expressly has been promulgated, apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553(b) shall apply.
 
 
 8
 The court performed calculations to convert the acid to phenylacetone, a precursor chemical that is listed in the drug conversion tables. The resulting quantity of phenylacetone was in excess of 4000 grams. This finding was consistent with Long's admission that he possessed chemicals that would manufacture more than one kilogram of methamphetamine. He made an ex parte motion for appointment of an expert to determine if the court's conversion of phenylacetate acid to phenylacetone was accurate. The court denied the motion.
 
 
 9
 Based on the court's conversion and Long's admission, the court used section 2D1.1(c)(6) to calculate Long's offense level as 32.[1] Because Long obstructed justice by engaging in illicit activities during his release on bond, the court increased the level to 34. This determination provided a sentencing range of 151 to 188 months. The minimum of 151 months was 31 months longer than the statutory maximum of ten years that Long had agreed to in the plea agreement. The court concluded that the plea agreement was reasonable.
 
 
 10
 Long argues that the court acted unreasonably when it refused to exercise its sentencing discretion to mitigate the plea agreement. He also says that the use of the conversion tables was inappropriate. He urges that even if the conversion was appropriate, he should have been allowed to have an expert testify to the amount of methamphetamine that the chemicals he imported could have produced.
 
 II
 
 11
 The government argues that we should not reach the merits of Long's claims because 18 U.S.C. § 3742[2] does not allow for the filing of a notice of appeal. We disagree. While section 3742(c)(1) provides that a defendant who has entered a plea under Rule 11(e)(1)(C) may not appeal under sections 3742(a)(3) or (4) no such prohibition prevents an appeal under sections 3742(a)(1) or (2).
 
 
 12
 In United States v. Tholl, 895 F.2d 1178, 1180 n. 2 (7th Cir.1990), the court found it had jurisdiction over the defendant's appeal of his plea agreement because he raised challenges under sections 3742(a)(1) and (2). We adopt this reasoning. Long is not foreclosed from challenging the legality of the sentence, nor the accuracy of the guidelines range determination just because he signed a plea agreement.
 
 III
 
 13
 Although the court's decision to accept a plea agreement is discretionary, because such a bargain is contractual in nature, "[t]he government will be held to the literal terms of the agreement." United States v. Bolinger, 940 F.2d 478, 482 (9th Cir.1991) (quoting United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986) (internal quotations and citations omitted)).
 
 
 14
 Long's plea agreement specified ten years of imprisonment. He knowingly and voluntarily agreed to the sentence and the court was contractually bound. Its remaining obligation under 18 U.S.C. § 3553 was to determine whether the plea was reasonable.
 
 
 15
 The record tells us that the court properly reviewed the agreement, finding that it satisfied the standards in 18 U.S.C. § 3553(b). Once the court decided the plea was reasonable, it had no discretion to mitigate it.
 
 IV
 
 16
 Long contends that the court erred when it applied the chemical conversion tables to determine his sentence. He asserts that it was inappropriate to convert phenylacetic acid to phenylacetone because the two chemicals are not analogous. Because phenylacetic acid is not listed, nor is it analogous to a listed chemical, the Guidelines directed the court to impose an "appropriate sentence" under section 3553(b).
 
 
 17
 It was unnecessary for Judge Zilly to consider the chemical conversion tables when he imposed sentence because Long's admission that he possessed enough chemicals to manufacture more than one kilogram of methamphetamine alone was sufficient justification for a sentence in the range between 150-188 months. Because Long is unable to show that the use of the chemical conversion table prejudiced him, we reject his argument and find no abuse of discretion.
 
 V
 
 18
 Because the Guidelines determination is not an issue, the court correctly denied Long's motion for an expert.
 
 VI
 
 19
 The court used appropriate discretion in accepting Long's plea agreement and the sentence was proper.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 201.1(c)(6) states that an offense level of 32 is appropriate for one who possesses at least one kilogram of methamphetamine
 
 
 [2]
 18 U.S.C. § 3742 states:
 (a) Appeal by a defendant--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 (1) was imposed in violation of the law:
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 (3) is greater than the sentence specified in the applicable guidelines range to the extent that the sentence includes a greater fine or term of imprisonment, probation or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range; or
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.