961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ryan Keith TURNER, Defendant-Appellant.
 No. 91-50388.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 27, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ryan Keith Turner [Turner] pled guilty to conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, and two counts of aiding and abetting in the commission of a bank robbery, in violation of 18 U.S.C. § 2113(a). Before sentencing, Turner moved to withdraw his guilty plea under Fed.R.Crim.P. 32(d) on the grounds that he entered the plea while suffering from "mental exhaustion." At the hearing on the motion, Turner attempted to offer the testimony of newly discovered witnesses who would impeach the credibility of alleged accomplices-turned-government-witnesses. The court rejected the new evidence because it was not in the motion, and rejected Turner's motion to withdraw his guilty plea. We note in this connection that no specific facts suggesting the existence of any such witnesses were introduced to the court before or after the ruling on the motion. Nor did the appellate brief contain any such evidence.
 
 
 3
 The court adopted the probation officer's recommendation of a two-level enhancement for Turner's aggravating role in the offense under U.S.S.G. § 3B1.1, and an additional two-level enhancement because the demand note used in at least one robbery made an "express threat of death" under U.S.S.G. 2B3.1(b)(2)(D). The court sentenced Turner to 120 months imprisonment. Turner appeals, claiming that the district court erroneously denied his motion to withdraw his guilty plea and incorrectly enhanced his sentence. We affirm.
 
 
 4
 Turner contends that the district court should have granted his motion to withdraw the guilty plea because he presented sufficient justifications to withdraw the plea. We review that decision for abuse of discretion and the finding that a plea is voluntary for clear error. See United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied 479 U.S. 835, 107 S.Ct. 131 (1986). Turner has the burden of demonstrating a "fair and just reason," Fed.R.Crim.P. 32(d), for the withdrawal of his plea. See Read, 778 F.2d at 1440.
 
 
 5
 Turner first asserts that his discovery of new witnesses whose testimony would impeach the government's witnesses constitutes a "fair and just reason" for withdrawal of his plea. However, Fed.R.Crim.P. 47 requires that "[a motion] shall state the grounds upon which it is made...." Turner's motion claimed only that he should be entitled to withdraw his guilty plea because he entered his plea while mentally exhausted. The motion did not refer to new witnesses as a ground for withdrawal of the plea. The court therefore was under no obligation to consider additional grounds that were not mentioned in the motion. Moreover, we note that counsel offered the court no specific information regarding any possible witnesses when he made his oral statement and never thereafter submitted any written materials on the point, despite the fact that the judge implied that he might be willing to consider the issue at a later time.[1]
 
 
 6
 Turner also asserts that his "mental exhaustion" presented a "fair and just reason" for withdrawal of his guilty plea and that he "agree[d] not to be superseded again" only because of goverment pressure in the form of increasingly severe indictments. However, the record does not support Turner's assertions of mental exhaustion. The district court thoroughly questioned Turner about the charges and was satisfied that he entered a knowing and voluntary plea. During that exchange, Turner showed no signs of mental exhaustion. When the judge asked defense counsel, "[A]re you sure your client wants to plead today or not?," Turner interjected, "I would like my plea to stick, your Honor." The judge asked for clarification, and Turner assured him he wanted his "plea to stand as guilty." When asked by the court, "[Do] you believe it's in your best interests at this time to change your plea to a plea of guilty, is that true?," he replied, "Yes, I do, your Honor." In denying the motion, the district court stated that "[n]o sufficient showing is made. There is no just, good, or any other reason why the motion should be allowed."[2] Turner has not met his burden of showing "a fair and just reason" for withdrawal of his guilty plea. See Hoyos, 892 F.2d 1387.
 
 
 7
 Second, Turner contends that the district court erred when it enhanced his sentence two levels for his aggravating role in the robberies under U.S.S.G. 3B1.1 (1991).[3] He first asserts that the district court improperly considered robbery counts which were dropped as part of his plea agreement with the government. However, the district court did not consider the dropped robbery counts; indeed, the judge explicitly stated that "I agree that uncharged offenses shouldn't be considered before the enhancement ... And on that basis I think it's very clear, even without considering the uncharged counts, that Mr. Turner was more than just a getaway driver. He was a leader of the conspiracy."
 
 
 8
 Turner next asserts that the district court erred when it found that he was an "organizer, leader, manager, or supervisor" as defined in Guidelines section 3B1.1(c). In sentencing, the district court may not rely on unreliable information, including inaccurate statements contained in the presentence report. See United States v. Weston, 448 F.2d 626, 634 (9th Cir.1971), cert. denied, 404 U.S. 1061 (1972). Turner's co-conspirator, Dwayne Robinson, stated that Turner organized the robberies and threatened and intimidated him into committing the robberies. Robinson also stated that he committed two robberies with Turner, and that each time, the same method was used: Turner was the driver and Robinson presented the demand note. Although Turner contends that Robinson's statements are unreliable, the district court's decision to accept those statements as credible is not clearly erroneous.
 
 
 9
 Finally, Turner contends that the district court erred when it assessed a two-level increase for an express threat of death in the course of the robbery under U.S.S.G. section 2B3.1(b)(2)(F).[4] Turner argues that the bank teller may have erred when she testified that the demand note stated "give me money, blow up." Turner does not dispute that this statement constitutes an express threat of death. Rather, he argues that the bank teller read the demand note incorrectly. The court did not clearly err when it accepted the bank teller's testimony. See United States v. Bos, 917 F.2d 1178, 1180 (9th Cir.1990).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court stated "You can't have your motion on new evidence. I'm not going to hear that today."
 
 
 [2]
 It is unclear whether the district court concluded that mental exhaustion alone is insufficient cause to withdraw a guilty plea or that Turner produced insufficient evidence of mental exhaustion. We need not resolve this question, however, because our independent review of the record indicates that Turner was not mentally exhausted. See United States v. Hoyos, 892 F.2d 1387 (9th Cir.1989), cert. denied 111 S.Ct. 80 (1990)
 3 U.S.S.G. 3B1.1(c) states that "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." Sections (a) and (b) provide for four or three level enhancements if the defendant was the leader of a group of five or more participants or the manager or supervisor of such a group, respectively.
 
 
 [4]
 Section 2B3.1(b)(2)(F) states that "if an express threat of death was made, increase [overall offense level] by 2 levels."