985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Arturo Carlos GARZA-RODRIQUEZ, Defendant-Appellant
 No. 92-50263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 27, 1993.
 
 1
 Appeal from the United States District Court for the Southern District of California, No. 91-1008-GT; Gordon Thompson, Jr., District Judge, Presiding.
 
 
 2
 Before CANBY and ALAN E. NORRIS, Circuit Judges, and TANNER,** Senior District Judge.
 
 
 3
 MEMORANDUM***
 
 
 4
 Garza-Rodriquez appeals the imposition, under the Guidelines, of a twenty-seven month sentence. We affirm.
 
 
 5
 On January 6, 1992, the defendant entered a plea of guilty to one count of transporting an illegal alien. At the change of plea hearing the defendant's attorney twice recited the terms of the plea agreement. He initially stated the terms to be:
 
 
 6
 [T]he government has agreed not to ask for more than a one-year departure upward from the Guidelines. There is no agreement with regard to the criminal history, there is no agreement, of course, with regard to where in the guideline range the court will sentence the defendant.
 
 
 7
 [GECR 2]. Later in the proceedings when asked again what the terms of the plea agreement were, defendant's counsel stated:
 
 
 8
 The government will seek an upward departure from the normal guidelines for this crime of no more than one year. There was an allegation of a high speed chase and endangerment of aliens. There is no agreement within the--what would be the normal guideline range, of course, because of the upward departure. And there is no agreement with regard to the criminal history.
 
 
 9
 [GECR 8]
 
 
 10
 The plea agreement was also reduced to writing and signed by the defendant, his lawyer and a lawyer for the government. It provided:
 
 
 11
 2. The parties agree the defendant, Arturo Carlos Garza-Rodriquez will be sentenced pursuant to the Sentencing Guidelines; however, the government reserves the right to recommend a one-year upward departure from the normal guidelines sentence because it is alleged defendant Arturo Carlos Garza-Rodriquez drove a vehicle in such a manner that passengers were endangered.
 
 
 12
 3. Other than recommending an upward departure of one year above what would be a normal Guideline sentence for this crime, the government will make no other recommendation concerning a sentence.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 6. * * * The sentence to be imposed upon defendant Arturo Carlos Garza-Rodriquez is within the sole discretion of the sentencing judge. The United States has not made and will not make any promise or representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence.
 
 
 16
 The Probation Department prepared a Presentence Report (PSR). The author of the PSR calculated the base offense level to be nine, added two levels for reckless endangerment (§ 3C1.2) and subtracted two levels for acceptance of responsibility (§ 3C1.1) to reach a total offense level of nine. The criminal history category was calculated to be IV. A total offense level of nine with a criminal history category of IV results in a guideline range of twelve to eighteen months. Based upon the plea agreement and the defendant's conduct, the Probation Department recommended a sentence of thirty-three months.
 
 
 17
 The defendant took exception to the addition of two levels under § 3C1.2 Reckless Endangerment During Flight. He argues that he bargained for a "normal guidelines sentence" and that a normal guidelines sentence does not include the two level enhancement for reckless endangerment because that enhancement was the basis for the one year departure. He also argues that a normal sentence would be the low end of the guideline range as calculated without the two level enhancement. We disagree.
 
 
 18
 Plea agreements are contractual in nature and are scrutinized by contract-law standards. United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985). Accordingly, the terms of the agreement will be determined by objective standards. Id. To determine the terms of the agreement by objective standards, we must determine "what the parties ... reasonably understood to be the terms of the agreement." United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979). What the parties reasonably understood the terms to be is a factual question for the district court, and we review those factual findings only for clear error. United States v. Krasn, 614 F.2d 1229, 1233 (9th Cir.1980).
 
 
 19
 The district court found that the guideline range included the two level increase for reckless endangerment and set the guideline range as twelve to eighteen months. The court went on to state that it would have sentenced the defendant to the top of the range but for the plea agreement. The court then stated that he would add the twelve months to the mid-range of the guidelines and sentenced the defendant to twenty-seven months.
 
 
 20
 The district court interpreted the plea bargain for the parties. The court's choice of what the guideline range was and what the resulting sentence would be constituted factual findings as to the intent of the parties. The defendant's counsel in his oral recitation of the plea agreement twice stated that there was no agreement as to what the guideline range would be. The written plea agreement signed by the defendant also indicated that there was no agreement as to what the guideline range would be. In counsel's second oral proffer, and stated in the written agreement, the reason for the departure is that the defendant endangered his passengers, the illegal aliens. A departure for endangering the alien passengers is found in Guideline § 2L1.2 Application Note 8, and is not covered by § 3C1.2. See United States v. Hernandez-Rodriquez, No. 91-50572, slip. op. 11175, 11182 (9th Cir. Sept. 15, 1992). It is therefore objectively unreasonable for the defendant to believe that the guideline range would not include the enhancement for reckless endangerment under § 3C1.2.
 
 
 21
 Defendant also argues that the low-end of the range without the two level enhancement under § 3C1.2 would be the normal sentence in his case. That argument is without merit. Again, his counsel twice stated, and the plea agreement reflects, that there was no agreement as to where in the range the defendant would be sentenced. Any belief by the defendant to the contrary would be objectively unreasonable given this record.
 
 
 22
 Therefore, the district court did not commit clear error when it found that the total offense level included the § 3C1.2 enhancement and used the mid-range of the resulting guideline to base its departure.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3