21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar A. RAMOS-PACUSSICH, Plaintiff-Appellant
v.
Carol P. GETTY, United States Parole Commissioner, and
Joseph H. Crabtree, Warden, FCI Sheridan,
Defendant-Appellee.
 No. 92-36676.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1994.
Decided April 7, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Oscar Ramos-Pacussich appeals the district court's denial of his 28 U.S.C. Sec. 2241 habeas corpus petition, challenging the U.S. Parole Commission's decision to require him to serve 128 months of his 16-year sentence for cocaine-related charges, bail jumping and making a false statement in a passport application. We reverse and remand.
 
 I.
 
 4
 Appellant argues that the Parole Commission improperly considered information provided to the government as a result of an agreement with the U.S. Attorney. We agree.
 
 
 5
 To determine whether a plea agreement is violated, the court must look to what the parties "reasonably understood to be the terms of the agreement." United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). This is a question of fact to be resolved by the district court which this court reviews under the clearly erroneous standard. United States v. Krasn, 614 F.2d 1229, 1233 (9th Cir.1980).
 
 
 6
 Appellant's guilty plea to the conspiracy charge involved an agreement to cooperate with the government to provide information about his activities. In a letter detailing the terms of the agreement to appellant's trial attorney, the U.S. Attorney promised that "no statements made by you or your client during the 'off-the-record' proffer or discussion will be used against your client in any criminal case." Pursuant to this agreement, appellant admitted that he and his brother had been involved in smuggling as much as 100 to 150 kilograms of cocaine into the country, and claimed to have earned in excess of $5,000,000 during this operation.[1] Appellant was sentenced to an aggregate term of 16 years. He applied for parole in 1987.
 
 
 7
 In preparation for appellant's hearing, the Parole Commission contacted the probation officer who prepared appellant's presentence report, asking for information about appellant's drug involvement. The probation officer provided the Parole Commission with the information appellant had provided in his "off-the-record" cooperation. After a hearing, the Parole Commission ordered that appellant continue to the expiration of his sentence, resulting in his expected incarceration for a period of 128 months, expressly taking into account the information appellant provided in the agreement with the U.S. Attorney.
 
 
 8
 The government relies on United States v. Keller, 902 F.2d 1391 (9th Cir.1990) for the proposition that a plea agreement does not bind the parole commission. Keller does not stand for this point of law, and is easily distinguishable from the present case. The agreement in Keller provided that the government would not "bring additional charges" against Keller on the other robberies Keller was involved in. Moreover, unlike the agreement in the present case, the Keller agreement expressly reserved the government's right to inform the court and the probation office about all of Keller's criminal activities. 902 F.2d at 1393.
 
 
 9
 The agreement in the present case was memorialized in a letter signed by a United States Attorney, printed on Justice Department letterhead, and clearly and unambiguously provided that no statements would be used against appellant in "any criminal case." We think the terms "any criminal case" include the very same case for which appellant was imprisoned. We flatly reject the government's arguments that the agreement does not bind the Parole Commission or the Probation Officer who provided the information to the Commission. We further reject the government's argument that appellant independently provided the information to his probation officer. Appellant had already cooperated with the DEA and had every right to expect that the government would hold up their end of the bargain. The Parole Commission committed clear error when it considered the information provided by appellant pursuant to the agreement.
 
 II
 
 10
 Because we reverse and remand on the grounds that the Parole Commission erroneously considered information provided by appellant pursuant to the plea agreement, we do not reach appellant's argument that the Parole Commission engaged in improper "double-counting" when determining appellant's eligibility for parole.
 
 
 11
 The decision of the district court is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At his Parole Commission hearing, appellant denied making these statements