24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Earl LUCIOW, Defendant-Appellant.
 No. 93-10178.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided April 29, 1994.
 
 1
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Anthony Earl Luciow pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841 and 846. Luciow timely appeals the denial of his motion to compel performance of the plea agreement, which he claims the government breached. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Luciow argues that the district court erred in failing to find that the government improperly induced him to plead guilty, work undercover, and forfeit property with promises that it would recommend a "lenient sentence" or time served.
 
 
 5
 We review for an abuse of discretion the district court's denial of a motion to compel performance of a plea agreement. See United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). " 'Plea agreements are contractual in nature and are measured by contract law standards.' " United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993) (quoting United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990)). In construing a plea agreement to determine whether there has been a breach, the district court "must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." Id. at 1337 (footnotes omitted). We review for clear error the district court's findings as to the terms of the plea agreement. United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986).
 
 
 6
 The district court found that Luciow freely, voluntarily and knowingly entered the plea agreement. It also found that there were no inducements to the guilty plea other than those set forth in the plea agreement. Additionally, the district court found that the terms of the plea agreement provided for a sentencing cap of 12 years, and that the court was free under the agreement to impose a sentence from zero days or time served up to 12 years. These findings are not clearly erroneous. The district court did not abuse its discretion in denying Luciow's motion to compel.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3