26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ashtiyaq Ali CHAUDHRY, Defendant-Appellant.
 No. 93-10374.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ashtiyaq Ali Chaudhry appeals the 120-month sentence imposed following his guilty plea to conspiracy to possess and distribute heroin in violation of 21 U.S.C. Secs. 841(a)(1), 846. Chaudhry contends the district court erred by refusing to order the government to move for a downward departure pursuant to U.S.S.G. Sec. 5K1.1 to reward his substantial assistance. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error both a district court's construction of a plea agreement, United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986), and its conclusion whether a party to the agreement acted in good faith, United States v. McConney, 728 F.2d 1195, 1200 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 4
 On May 7, 1992, the government filed an information charging Chaudhry with: conspiring to possess and distribute ten kilograms of heroin (Count I); possessing with intent to distribute two kilograms of heroin (Count II); and attempting to possess with intent to distribute eight kilograms of heroin (Count III). On May 11, 1992, he pleaded guilty to Count I pursuant to an agreement with the government binding him, in relevant part, to "provide full, complete, and truthful cooperation to the United States Attorney's Office, and its investigators, in the investigation of violations of Federal law of which [he] ha[d] knowledge." He further agreed to testify against his codefendants, if asked, at trial and at sentencing.
 
 
 5
 In return, the government agreed to refrain from filing any additional charges and to move to dismiss the remaining counts of the information. The government retained sole discretion to move for a substantial-assistance departure at sentencing. At Chaudhry's plea hearing, the district court asked, "Do you understand that the decision ... whether to bring ... a [substantial-assistance] motion is totally up to the government?" Chaudhry responded, "yes."
 
 
 6
 Chaudhry cooperated diligently, participating in a four-month-long effort to lure his heroin supplier out of Pakistan to facilitate his prosecution in the United States. His labors proved fruitless. He was never asked to testify against his codefendants because all pleaded guilty. At sentencing, the Assistant U.S. Attorney refused at sentencing to seek a substantial-assistance departure because Chaudhry's full cooperation had availed the government nothing. The district court determined that the government's decision was in good faith, and sentenced Chaudhry to the mandatory minimum sentence of ten years' imprisonment.
 
 
 7
 Chaudhry claims the district court erred by refusing to deliver him from the terms of an "illusory contract." We disagree.
 
 
 8
 The cooperation agreement plainly conferred upon the government the sole discretion to seek a substantial-assistance departure. In addition, it promised, and Chaudhry received, significant benefits from cooperating and pleading guilty. The government had dismissed charges of two serious crimes that would doubtless have carried heavy penalties. We discern no clear error in the district court's conclusions. See Read, 778 F.2d at 1441; McConney, 728 F.2d at 1200.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3