26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Roman BURGUENO-MUNIZ, Defendant-Appellant.
 No. 93-50600.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Roman Burgueno-Muniz appeals the 60-month sentence imposed following his guilty plea to aiding and abetting the distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1), 18 U.S.C. Sec. 2. Burgueno-Muniz contends the district court erred by declining to depart downward from the mandatory minimum sentence in light of the government's refusal to debrief him to assess his cooperation in violation of the plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "We have jurisdiction to review a district court's refusal to depart downward based on its interpretation of law as barring such departure." United States v. Goroza, 941 F.2d 905, 908 (9th Cir.1991). We review for clear error a district court's construction of a plea agreement. United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986).
 
 
 4
 Burgueno-Muniz was arrested along with two codefendants on August 14, 1991 after he delivered a half-kilogram of heroin to an undercover Drug Enforcement Agent. In December 1992, he entered into an agreement obliging him to "cooperate with the Government in the hope that [his] custodial sentence [would] be reduced." The agreement stipulated that Burgueno-Muniz had "no agreement or understanding with the United States as to how much, if at all, the sentence [would] be reduced in exchange for the cooperation."
 
 
 5
 In return, the government agreed "in good faith [to] evaluate the worth of [Burgueno-Muniz's] cooperation and ... advise the sentencing judge accordingly." The United States explicitly retained the sole discretion to seek a departure.
 
 
 6
 On January 15, 1993, Burgueno-Muniz was interviewed by a Probation Officer. When asked how his codefendant, Altamirano-Mayorquin, became involved in the offense, Burgueno-Muniz stated that he had had car trouble on the day he drove the heroin over the border and had stopped at Altamirano-Mayorquin's auto shop. Burgueno-Muniz reported that he then asked Altamirano-Mayorquin to find his buyers, the confidential informant and the undercover agent, in the Price Club parking lot and tell them he had been delayed. Burgueno-Muniz also identified the source of the heroin as a man named Mario Lopez. The confidential informant had earlier learned that Altamirano-Mayorquin was the source of supply, and that Burgueno-Muniz worked for him.
 
 
 7
 On April 7, 1993, the government notified Burgueno-Muniz that, due to his lack of candor, it would not move for a substantial-assistance departure at sentencing. Burgueno-Muniz argued that the government breached the plea agreement by refusing to seek a departure without having debriefed him. The district court concluded that the plea agreement implicitly required the government to debrief Burgueno-Muniz, but that the government was relieved of that obligation when it learned he had given the Probation Office a "totally incredible" account of Altamirano-Mayorquin's involvement in the offense. By doing so, the district court concluded, Burgueno-Muniz had undermined the government's confidence and made himself useless as a witness. Burgueno-Muniz was offered the chance to withdraw his guilty plea and he declined. On August 9, 1993, the district court sentenced him to the mandatory minimum sentence of five years' imprisonment.
 
 
 8
 We affirm the sentence. Burgueno-Muniz signed a plea agreement binding him to be absolutely candid with the government. Information gathered in the investigation that preceded his arrest placed into question his assertions about Altamirano-Mayorquin. We discern no clear error in the district court's conclusion that Burgueno-Muniz failed to meet his obligation to the government, see Read, 778 F.2d at 1441, and that this released the government from its promise to debrief him, see United States v. Roberts, 5 F.3d 365, 370 (9th Cir.1993) (government did not have to seek reduced sentence where defendant breached agreement before sentencing).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3