**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50444 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00006-GT-1 |
| v. | |
| JORGE MEDINA-FRUCTUOSO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Submitted April 11, 2012**
Pasadena, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, Senior
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Jorge Medina-Fructuoso pled guilty to one count of illegal reentry after removal under 8 U.S.C. § 1326, and the district court sentenced him to 33 months' imprisonment. Medina-Fructuoso now appeals: (1) the district court's denial of the parties' joint motion to withdraw Medina-Fructuoso's guilty plea; (2) the district court's denial of Medina-Fructuoso's unopposed motion to calendar a hearing to waive indictment on a proposed superseding information; and (3) the district court's imposition of an 8-level sentencing enhancement on the ground that Medina-Fructuoso's prior conviction for resisting a police officer causing serious bodily injury under California Penal Code § 148.10(a) was categorically an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291.

We review a district court's denial of a motion to withdraw a guilty plea under Federal Rule of Criminal Procedure 11(d) for abuse of discretion. *See United States v. Read*, 778 F.2d 1437, 1440 (9th Cir. 1985). Medina-Fructuoso argues that the district court should have allowed him to withdraw his guilty plea because the presentence report recommended that he be given a 16-level enhancement for his prior conviction for resisting arrest — a possibility he claims the parties had not contemplated at the time of the plea agreement. Although Rule 11(d)(2)(B) allows a defendant to withdraw a guilty plea for any "fair and just

reason," "[a] defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected." *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003). Moreover, the parties' plea agreement explicitly contemplated the possibility that the PSR would uncover more information about Medina-Fructuoso's criminal history and affect his guidelines range. Thus, the district court did not abuse its discretion in denying the parties' motion to withdraw Medina-Fructuoso's guilty plea.

Medina-Fructuoso also argues that the district court abused its discretion in denying his unopposed motion to calendar a hearing to waive indictment on and plead guilty to the proposed superseding information charging him with two counts of illegal entry under 8 U.S.C. § 1325. Medina-Fructuoso's motion for calendaring was effectively a new plea agreement that he and the government were presenting to the court: The government would dismiss the § 1326 charge and bring a superseding information charging Medina-Fructuoso with two counts under § 1325, and in exchange, Medina-Fructuoso would waive indictment on the superseding information and plead guilty to the § 1325 charges. We review a district court's rejection of a plea agreement for abuse of discretion. *See In re Morgan*, 506 F.3d 705, 708 (9th Cir. 2007). Here, the district court rejected the new plea agreement for the same reason it denied the parties' motion to withdraw

Medina-Fructuoso's guilty plea, which, as explained above, was not an abuse of discretion. Thus, the district court's rejection of the new plea agreement was not an abuse of discretion.

Finally, the parties agree that the district court erred in holding that Medina-Fructuoso's prior conviction under California Penal Code § 148.10(a) was categorically an aggravated felony warranting an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Under § 2L1.2(b)(1)(C), to constitute a "crime of violence" (and thus an aggravated felony), a prior offense must require the intentional use of physical force or a substantial risk of the intentional use of physical force. *See United States v. Gomez-Leon*, 545 F.3d 777, 787–88 (9th Cir. 2008). But California Penal Code § 148.10(a) makes it a crime to resist arrest and thereby cause injury or death to a police officer — even if the defendant did not intentionally use force or risk the intentional use of force. *See People v. Superior Court*, 132 Cal. App. 4th 1525 (2005). And the underlying conviction documents merely parrot the language of § 148.10(a), so Medina-Fructuoso's conviction is not an aggravated felony under the modified categorical approach. Accordingly, we hold that the district court erred in imposing an 8-level enhancement. We thus vacate his sentence and remand solely for resentencing.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.