NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10441 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00017-RCJ-WGC-1 |
| v. | |
| JEREMY CLOUSE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 6, 2019
San Francisco, California

Before:  SILER,** BYBEE, and R. NELSON, Circuit Judges.

Jeremy Clouse pled guilty to one count of possession of child pornography.

In the operative plea agreement, the Parties calculated the anticipated Sentencing

Guideline offense level at 22.  During the negotiations, the parties did not account

for images which supported the application of an additional four-level

_____

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

enhancement for possession of images of child pornography showing sadistic and masochistic conduct. However, the presentence report recommended application of the four-level enhancement. When Clouse objected to the application of the enhancement at the sentencing hearing, the Government acknowledged that there was a factual basis to apply the enhancement but still requested the sentence contemplated by the plea agreement. The district court applied the enhancement, calculated the Guideline range at 63 to 78 months, and imposed a 54-month sentence after varying downwards.

Clouse appeals, arguing (1) the Government breached the plea agreement, (2) the district court's sentence was procedurally and substantively unreasonable, and (3) the district court erred by imposing five unconstitutionally vague and overbroad Special Conditions of Supervised Release. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and vacate in part.

We begin with Clouse's argument that the Government breached the plea agreement. The Government breaches a plea agreement implicitly when it "superficially abide[s] by its promise to recommend a particular sentence while also making statements that serve no practical purpose but to advocate for a harsher one." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). But the Government's duty under *Heredia* is cabined by a countervailing duty of candor to the court. "[A]ny time a prosecutor is aware that the court is about to

2

impose sentence based upon incomplete or inaccurate information, the prosecutor has the duty to inform the court of the correct or missing information." *United States v. Read*, 778 F.2d 1437, 1442 (9th Cir. 1985) (quotation and citation omitted).

Here, the Government complied with its obligations under *Read*. Although the Government made statements indicating there was evidence that could support application of the sentencing enhancement, it fulfilled—and in fact exceeded—its duty under the terms of the plea agreement by recommending a 41-month sentence. The Government's statements in the sentencing memorandum and during the change of plea hearing merely fulfilled its duty of candor to the court.

Next, we turn to Clouse's arguments that the sentence imposed was substantively and procedurally erroneous. Clouse's argument regarding the substantive unreasonableness of his sentence is unreviewable pursuant to the plea waiver. And Clouse's procedural unreasonableness arguments are all either barred by the plea waiver or meritless under plain error review.

Finally, we turn to Clouse's arguments regarding the Special Conditions of Supervised Release. We conclude that that the district court did not plainly err in imposing Special Conditions 5, 10, and 11. *See United States v. Quinzon*, 643 F.3d 1266, 1271–74 (9th Cir. 2011); *see also United States v. Hovious*, No. 18-10229, -- Fed. App'x --, 2019 WL 4391266 (9th Cir. Sept. 13, 2019). The Government

concedes that Special Conditions 4 and 7 should be remanded to the district court for additional tailoring, and we therefore vacate those Special Conditions and remand to the district court for the limited purpose of refining Special Condition 4 and conforming the written judgment to the oral pronunciation of Special Condition 7.

Accordingly, we **AFFIRM** the district court's determination that the Government did not breach the plea agreement. We also **AFFIRM** the sentence imposed. However, we **VACATE** Special Conditions 4 and 7 and **REMAND** to the district court.