967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott J. SMITH, Defendant-Appellant.
 No. 91-30176.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.
Decided June 29, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In the fall of 1984, defendant Scott Smith arranged to borrow about $700,000 from Seattle-First National Bank on a construction project. The bank conditioned its loan agreement on a showing that Smith had lease commitments. Smith falsified a copy of a lease to deceive the bank into thinking he had a ten year lease from a brokerage firm for the first floor, when he did not.
 
 
 3
 Smith was indicted on one count of making a false statement to a federally insured financial institution in violation of 18 U.S.C. § 1014 (1988). He pleaded guilty, and no issue is raised regarding the adequacy of the colloquy under Federal Rule of Criminal Procedure 11. But after his lawyer received the presentence report, which recommended that Smith serve 179 days in a halfway house, he moved to withdraw his guilty plea. The district court denied the motion, and sentenced Smith to five years of probation on several conditions, including that Smith complete an anger management program and refrain from engaging in any occupation involving the sale of financial instruments. Smith timely appealed. We affirm.
 
 
 4
 I. Denial of Smith's Motion to Withdraw his Guilty Plea
 
 
 5
 The district court denied Smith's motion under Federal Rule of Criminal Procedure 32(d) to withdraw his guilty plea. The denial of such a motion is reviewed for abuse of discretion. United States v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991). Although it is usually the case that a district court judge will "freely" allow the withdrawal of a guilty plea before sentencing if the defendant shows there is a "fair and just" reason to do so, there is no "right" to withdrawal of a guilty plea. United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986).
 
 
 6
 The district court did not abuse its discretion in denying Smith's motion to withdraw his guilty plea. The reasons advanced by Smith in support of the contention that it would be fair and just to vacate the plea are that (1) he believes that he is not guilty of criminal conduct, and (2) he was, at the time he made his plea, depressed and demoralized as a result of having recently served a three month term of imprisonment, and did not feel that he had the stamina to fight the charges.
 
 
 7
 Smith's attorney stated in an affidavit that he met with Smith for the purpose of reviewing the presentence report, and that, "[p]rior to providing him with a copy of the report," Smith told him that he did "not believe that he [was] guilty of any criminal conduct." ER at 4-5. But Smith never swore that he was innocent, nor did he offer any facts suggesting that he did not submit a falsified lease document to the bank or otherwise had a defense. All the district court had before it was a Rule 11 colloquy in which Smith swore he had committed the crime, and Smith's attorney's affidavit that Smith had subsequently told his attorney that Smith did not believe he was guilty of a crime. That amounts to no more than a change of mind. Since "this court has not overturned a denial of a motion to withdraw a guilty plea absent something more than the defendant's change of mind," United States v. Rios-Ortiz, 830 F.2d 1067, 1070 (9th Cir.1987), the district court did not abuse its discretion in denying Smith's motion to withdraw his guilty plea.
 
 
 8
 In addition, the affidavit conspicuously left open the likelihood that although Smith was not provided with a copy of the presentence report until after he told his attorney that he did not think he was guilty, his attorney told him he was looking at six months to serve before he changed his mind about pleading, and that the probation officer's recommendation motivated his change of heart. "Permitting defendants to plead guilty to test the weight of potential punishment, and then to withdraw the plea if the sentence were unexpectedly severe, would undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process." Ramos, 923 F.2d at 1359 (quotations omitted). A guilty plea may not be withdrawn after the defendant learns of the sentence he is likely to receive absent "manifest injustice." Id. at 1358 (applying the manifest injustice standard to a defendant who attempted to withdraw his plea after the sentencing of his codefendants). Since Smith is unable to show just cause for withdrawal of his plea, he necessarily fails to satisfy the stricter standard of manifest injustice.
 
 
 9
 Smith has produced no evidence that he was not competent to plead, and therefore his suggestion that he was depressed at the time he entered his plea (as any reasonable person would be) is immaterial. Smith entered his plea voluntarily and intelligently, upon the advice of counsel, and with full knowledge of the consequences of the plea. This is all that is required. Read, 778 F.2d at 1440.
 
 II. Conditions of Probation
 
 10
 Title 18 U.S.C. § 3651 (1988) (repealed Nov. 1, 1987), which is applicable here because Smith's crime was committed prior to 1987, provides that a sentencing court may "suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best." While the legality of a sentence is a question of law reviewed de novo, the sentencing judge has "broad discretion to set probation conditions." United States v. Blue Mountain Bottling Co., 929 F.2d 526, 528 (9th Cir.1991). This discretion is bounded only by the requirement that the conditions "be reasonably related to rehabilitation of the offender and protection of the public." Higdon v. United States, 627 F.2d 893, 897 (9th Cir.1980). If the impact of the conditions on the probationer's rights is substantially greater than is necessary to effectuate the purposes underlying the conditions, the conditions are impermissible. Id.
 
 
 11
 Smith challenges the imposition of special conditions of probation requiring that he (1) refrain from "engaging in any occupation, business, or profession that involves the sale of stocks, bonds, or other financial investments," and (2) successfully complete an anger management program. The district court did not abuse its discretion in imposing either of these conditions.
 
 
 12
 It is well established that the sentencing court may properly impose a condition precluding the probationer from engaging in an occupation that would enable him to again commit the offense of which he was convicted. Whaley v. United States, 324 F.2d 356, 359 (9th Cir.1963), cert. denied, 376 U.S. 911 (1964). It is not unreasonable to preclude a man who had been convicted of fraudulently obtaining a loan and, as noted in the presentence report, of theft involving fraud in the sale of stock, from handling, in any capacity, the sale of stocks, bonds, or investments.
 
 
 13
 The imposition of the requirement that Smith complete an anger management program was supported by very little evidence. The court disregarded Dr. Hammer's letter because it was almost five years old. The temporary restraining order to which the government points in support of this condition was almost as old, and neither we nor the district court have any way of knowing whether the TRO was an ex parte order entered without a history of domestic violence. The judge might have felt, based upon the crime and his entire experience with the case, that Smith had difficulty managing anger. Although the support for the condition is weak, the condition is not onerous. Since its "impact" is not "needlessly harsh," Higdon, 627 F.2d at 898, imposition of this condition was within the broad discretion of the District Judge.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3