977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cheryl Lynne OLSON, Defendant-Appellant.
 No. 91-30461.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Oct. 6, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Olson appeals a two-level increase in her Offense Level Calculation for obstruction of justice on the grounds that her plea agreement was violated. The prosecution agreed to take no position on sentencing and agreed not to file any charges for the acts giving rise to the adjustment. We have jurisdiction and we affirm.
 
 
 3
 Olson robbed the First Interstate Bank of Oregon and was apprehended the day of the robbery. She escaped from custody and did not appear for trial. She was subsequently arrested for another crime in California and again attempted to escape, this time unsuccessfully. She pleaded guilty to bank robbery under 18 U.S.C. § 2113(a). The terms of the plea were set out in a letter from the Public Defender to the Assistant U.S. Attorney:
 
 
 4
 Ms. Olson will plead guilty as charged in the indictment. In exchange, the Government will agree to recommend a two point reduction for acceptance of responsibility, will take no position as to sentencing and will not file any contempt/escape charges with regard to her failure to appear at the previously scheduled trial date (due to her abscond status). The Government will, of course, bring all relevant information regarding this case to the attention of the probation office and the court.
 
 
 5
 The Presentence Report (PSR) included an adjustment of 2 levels in the Offense Level Computation for obstruction of justice as authorized by U.S.S.G. § 3C1.1 and comment. (n. 3(e)) because of an escape and an attempt to escape. Were it not for that adjustment, Olson's sentencing range would have been 70-87 months instead of 84-105 months. See U.S.S.G. § 5(a) (sentencing table). Olson was sentenced to 84 months, i.e. the minimum sentence in the higher sentencing range.
 
 
 6
 Olson appeals the sentence imposed on the theory that the plea bargain precluded consideration of the escape and attempted escape in the Offense Level Computation. She argues that she should be resentenced in the lower sentencing range of 70-87 months.
 
 
 7
 The district court's application of the guidelines to a particular set of facts will be affirmed unless they are clearly erroneous. 18 U.S.C. § 3742(e) (1990); United States v. Turner, 898 F.2d 705, 708 (9th Cir.), cert. denied, 495 U.S. 962 (1990). Analysis of this plea agreement is guided by contract law. United States v. Partida-Parra, 859 F.2d 629, 633 (9th Cir.1988).
 
 
 8
 The prosecutor did not recommend any sentence at the plea proceedings. The prosecutor's role was limited to supporting the Offense Level as set out in the PSR. Olson characterizes that support as a violation of the agreement to "take no position as to sentencing," but we do not find any violation. In United States v. Read, 778 F.2d 1437 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986), the government agreed to "take no position on what sentence would be imposed" on the pleading defendant. Id. at 1441. The government later provided information regarding the defendant's post-plea crimes, which we approved despite the promise to "take no position." Id. at 1442. See also United States v. Howard, 894 F.2d 1085, 1090-91 (9th Cir.1990) (the government may contest defendant's appeal on trial court's denial of "minor participant status" even though the government had originally stipulated to that status); United States v. Arnett, 628 F.2d 1162, 1164-65 (9th Cir.1979) (government can contest F.R.Crim.P. 35 motion despite promise to take no position regarding sentencing).
 
 
 9
 Olson's challenge to the upward adjustment is also based on the government's promise not to file charges for contempt or escape. United States v. Keller, 902 F.2d 1391 (9th Cir.1990), guides the analysis of this issue. There, defendant Keller admitted involvement in seven bank robberies and one attempted robbery but entered a guilty plea to one bank robbery charge. In return, the prosecutor agreed not to charge him on the other counts. Id. at 1392. At Keller's parole hearing, the other charges were taken into consideration in establishing a parole date. The defendant argued, as here, that the use of such information was a violation of the plea bargain. Id. at 1393.
 
 
 10
 The terms of the agreement here clearly stated that the government would "not file any contempt/escape charges with regard to [the defendant's] failure to appear at the previously scheduled trial date." There is no claim that the government did file any such charges; rather the defendant argues that the agreement not to file further charges also should have been construed to prohibit consideration of those events at sentencing. This argument was rejected in Keller. Id. This court in Keller noted specifically that, along with the promise not to file further charges, the government "expressly reserved the ... right to inform the court and the probation office about all of Keller's criminal activity." Id. At Olson's plea proceeding, the prosecutor stated without objection that the government would "ask the court to consider all the evidence about the defendant's behavior since that robbery that [the prosecution] can present."[1]
 
 
 11
 The defendant relies in large part on our decisions in United States v. Faulkner, 952 F.2d 1066 (9th Cir.1991), and United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990). In both of those cases, this court found that consideration in the sentencing process of crimes which had been dismissed according to the plea agreement was inappropriate because it deprived the defendant of the benefit of his bargain and thus discouraged guilty pleas. Faulkner, 952 F.2d at 1070; Castro-Cervantes, 927 F.2d at 1082.
 
 
 12
 These two cases concerned departures from the sentencing guidelines on the basis of the dismissed charges. Here, the information was not used to depart from the determined sentencing range, rather it was used to calculate the appropriate sentencing range. See United States v. Fine, No. 90-50280, slip op. at 11079 (9th Cir. Sept. 14, 1992).
 
 
 13
 We hold that the information regarding other offenses can still be used in sentencing even though the government promised not to take a position as to sentencing and not to file additional charges. The sentence is
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The transcript reads as follows:
 Mr. Haub [Prosecutor]: ... With respect to the plea agreement[,] that correctly states the government's intention, we're not going to seek any charges against the defendant, we're not going to press any charges against the defendant, we're not going to recommend any specific sentence. We'll ask the court to consider all the evidence about the defendant's behavior since that robbery that we can present to you.
 The Court: Anything further, Miss Radostitz?
 Ms. Radostitz [Public Defender]: No, your honor.