UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfred A. SANCHEZ,
Defendant–Appellant.

No. 89–2118.

United States Court of Appeals,
Tenth Circuit.

Sept. 11, 1990.

William L. Lutz, U.S. Atty. and Paula G. Burnett, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Ann Steinmetz, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Before MOORE, McWILLIAMS and ANDERSON, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Alfred A. Sanchez challenges the sentence imposed upon him after his plea of guilty to fraud by unauthorized use of an access device in violation of 18 U.S.C. § 1029(a)(2). Sanchez contends that the district court erred in assessing an increase of two levels in the base offense level because the crime involved "more than minimal planning" as provided by U.S.S.G. § 2F1.1(b)(2)(A). He also argues that he was entitled to a reduction of at least two levels in the base offense level because his role in the offense was at most that of a "minor participant." U.S.S.G. § 3B1.2(b). We affirm.*

### Background

The facts surrounding this case are straightforward. Sanchez' brother and his brother's girlfriend were U.S. Postal Service employees who allegedly took credit cards from the mails and gave them to family and friends, including Sanchez. Sanchez used one credit card fifteen times during the month of January, 1988, each time forging the signature of the card's true owner, resulting in a total loss of $3,862.84. Sanchez also brought his wife into the criminal activity, resulting in his wife's use of three stolen cards on numerous occasions from January through August 1988. Sanchez personally used "his" stolen card at fifteen different stores.

Based on these facts, the district court concluded that Sanchez' activities involved more than "minimal planning" because the offending use of the credit card took place repeatedly at more than one location. Likewise, the court found that Sanchez' role was more than a minor one because, among other things, Sanchez had "recruited" his wife into similar criminal activity.

### Discussion

■ We review the district court's findings both as to the amount of planning involved under § 2F1.1(b)(2)(A), and as to Sanchez' role in the offense as essentially factual determinations which we will not disturb on appeal absent a showing that they are clearly erroneous. *See, e.g., United States v. Cianscewski,* 894 F.2d 74, 82 (3d Cir.1990) (reviewing a finding of "more than minimal planning" under clearly erroneous standard); *United States v. Scroggins,* 880 F.2d 1204 (11th Cir.1989) (same); *United States v. Lord,* 907 F.2d 1028, 1031 (10th Cir.1990) (reviewing "minor participant" under clearly erroneous standard).

■ The Sentencing Guidelines envision an increase in base offense levels for crimes involving fraud or deceit where "more than minimal planning" is present. U.S.S.G. § 2F1.1(b)(2)(A). The term "more than minimal planning" is defined, in relevant part to include the following:

> " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune."

U.S.S.G. § 1B1.1, comment. (n.1(f)) (referenced by § 2F1.1, comment. (n.2)). It is undisputed that Sanchez personally used the stolen card on fifteen separate occasions at as many locations over a period of approximately one month. Each purchase involved several calculated falsehoods including a forged signature. Given the record before us, we conclude that the district court's determination that Sanchez' offense involved "more than minimal planning" is not clearly erroneous. *C.f., United States v. Hearrin,* 892 F.2d 756 (8th Cir.1990) (upholding "more than minimal planning" where stolen check offense was repeated seven times over three week period).

■ Sanchez argues that he was entitled to a reduction based on his role in the offense, and to support his argument cites the fact that his wife received such a reduc-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

tion in her sentence. Sanchez was not convicted for his role in any conspiracy however. Rather, he pled guilty to one single count of fraud involving his personal use of the stolen credit card. For this reason alone his argument fails; he is solely responsible for the crime. Moreover, Sanchez cannot insist on a relative comparison between his own crime and his wife's conduct; the district court need not have determined that Sanchez "was or was not the least culpable participant in determining whether [his] role was 'minor'" *United States v. Rexford*, 903 F.2d 1280, 1282 (9th Cir.1990).

In any event, Sanchez clearly had knowledge of his brother's and his wife's activities concerning the stolen credit cards. He was responsible for instigating his wife's use of the cards. He was solely responsible for his own personal forgeries and frauds and the resulting loss. Because the evidence appearing in the record before us supports the district court's determination that Sanchez was not entitled to any adjustment for his role in the offense, we conclude that the court's finding is not clearly erroneous.

The judgment of the district court is AFFIRMED.