UNITED STATES of America, Plaintiff–Appellee,

v.

**Debra Ann JONES, Defendant–Appellant.**

No. 90–2250.

United States Court of Appeals, Sixth Circuit.

Submitted March 12, 1991.

Decided April 29, 1991.

---

David Debold, Office of the U.S. Atty., Detroit, Mich., James A. Brunson, Asst. U.S. Atty., Office of the U.S. Atty., Bay City, Mich., and Christopher P. Yates, Detroit, Mich., for plaintiff-appellee.

Paul Borman, Federal Public Defenders Office, Detroit, Mich. and Joseph K. Sheeran, Bay City, Mich., for defendant-appellant.

Before KEITH and NELSON, Circuit Judges, and BROWN, Senior Circuit Judge.

## PER CURIAM.

This is an appeal from a sentence imposed for an admitted violation of 18 U.S.C. § 1029(a)(2), a statute that criminalizes certain fraudulent uses of unauthorized credit cards.

The defendant contends that the district court committed clear error in two respects: (1) by including interest charges in

the "loss" used by the court in applying § 2F1.1(b)(1) of the Sentencing Guidelines;[1] and (2) by determining, under U.S.S.G. § 2F1.1(b)(2), that the offense involved "more than minimal planning." (This section provides for a two-level increase in the offense level in such cases.)

Finding neither of the defendant's contentions persuasive, we shall affirm the sentence.

\*       \*       \*

Using false names and false social security numbers, and lying about her occupation and income, defendant Debra Ann Jones obtained credit cards on which she made purchases at eight different business establishments. With the inclusion of the interest that accrued on her unpaid bills, the government says that Ms. Jones' debts came to a total amount of $10,080.04.

Agreeing with the government's calculation, the district court sentenced Ms. Jones to probation for three years, six months of which was to be served at a community treatment center. The sentence was based on an adjusted offense level of nine, which reflected a three-level increase for a loss exceeding $10,000, a two-level increase for more than minimal planning, and a two-level decrease for acceptance of responsibility (see U.S.S.G. § 3E1.1).

■ We do not think it was error for the district court to include the interest charges in the calculation of the loss. When Ms. Jones made her purchases with the fraudulently obtained credit cards, the issuer advanced money to the retailer on her behalf. When Ms. Jones failed to pay, the issuer lost the use of the money that ought to have come back to it. Money has a time value, as all borrowers and lenders know, and the time value of the money withheld by Ms. Jones was fixed by the credit card agreements under which the interest was calculated. Given the existence of these agreements, the finding that the issuer's loss included the loss of the time value of its money is consistent with

---

**1.** U.S.S.G. § 2F1.1(a) establishes a base offense level of six for offenses involving fraud and deceit. Section 2F1.1(b)(1) provides that where the loss exceeds $2,000, the offense level is to be increased under a scale graduated according to the size of the loss. For a loss of more than $10,000 but not more than $20,000, the increase in the offense level is three.

this circuit's decision in *United States v. King*, 915 F.2d 269, 272 (6th Cir.1990) ("loss" includes incidental and consequential damages). We cannot say that the finding was clearly erroneous.

Neither can we say that the district court erred in finding that the offense involved more than minimal planning. Ms. Jones not only used elaborate falsehoods in obtaining the credit cards, she used the cards to make numerous purchases at a variety of stores. See *United States v. Sanchez*, 914 F.2d 206, 207 (10th Cir.1990) (affirming a finding of more than minimal planning when a stolen credit card was used repeatedly at more than one location).

AFFIRMED.