968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas B. ACKERMAN, Defendant-Appellant.
 No. 91-6106.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Defendant Thomas B. Ackerman was convicted of conspiracy to commit theft of interstate shipments and two counts of aiding and abetting the taking, stealing, and carrying away of interstate shipments. He appeals, bringing three issues to this court: whether defendant's motion for mistrial based on introduction of allegedly irrelevant, inflammatory evidence was properly denied; whether there was sufficient evidence to convict him of the two counts of aiding and abetting; and whether his sentence was properly enhanced for greater than minimal planning.[1] We affirm.
 
 
 2
 Defendant and his two co-defendants were indicted and convicted following investigation of a series of thefts of truck trailers in transit, loaded with interstate shipments and temporarily parked at various locations in the Oklahoma City, Oklahoma area. The merchandise was illegally distributed from a truck yard adjacent to defendant's residence. According to testimony at trial, defendant leased the truck yard under a fictitious name, erected a wooden fence around the truck yard at his own expense, had a key to the lock for the gate of the truck yard in his possession, was seen paying the thieves cash for their work, and had some of the stolen merchandise in his house and on his property. A crude "road" had been developed from the back of the truck yard to the back of defendant's residence.
 
 
 3
 Defendant first claims on appeal that he should have been granted a mistrial after a government witness, on cross-examination by a co-defendant's counsel, mentioned that defendant engaged in the sale of illicit drugs. Defendant claims that the brief mention of his marijuana sales activity was sufficient to taint his conviction, although the court immediately, sua sponte, issued a curative instruction; although the jury instructions included a general instruction admonishing the jury that evidence concerning crimes for which the defendants were not charged should be disregarded; and although the prosecution did not mention or allude to the testimony in any way for the balance of the trial. We disagree.
 
 
 4
 We review denial of a motion for mistrial for abuse of discretion. United States v. Peveto, 881 F.2d 844, 859 (10th Cir.), cert. denied, 493 U.S. 943 (1989). "Where evidence is later ruled inadmissible, a cautionary instruction is ordinarily sufficient to cure any alleged prejudice to the defendant and declaring a mistrial is only appropriate where a cautionary instruction is unlikely to cure the prejudicial effect of an error." Id. In light of the substantial evidence of guilt properly before the jury, United States v. Williams, 923 F.2d 1397, 1401 (10th Cir.1990), cert. denied, 111 S.Ct. 2033 (1991), the single brief mention of drug sales by one witness on cross-examination, followed by both specific and general cautionary instructions, did not so taint the trial as to compel mistrial.
 
 
 5
 Second, defendant claims that the court should have granted his motion for acquittal on the two counts of aiding and abetting of which he was convicted. The standard for our review of action on a motion for acquittal is de novo. Peveto, 881 F.2d at 860. "We view the evidence in the light most favorable to the government. If there is 'substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt,' we uphold the denial of a motion for judgment of acquittal." Id. (citations omitted).
 
 
 6
 To convict of aiding and abetting, the government must prove that defendant " 'willfully associated himself in some positive way with the criminal venture by showing that he has joined the enterprise as something he wishes to bring about and by seeking to make it succeed by some action on his part.' " United States v. Johnson, 911 F.2d 1394, 1399 (10th Cir.1990) (quoting United States v. Taylor, 612 F.2d 1272 [, 1275] (10th Cir.), cert. denied, 444 U.S. 1092 (1980)), cert. denied, 111 S.Ct. 761 (1991). As described herein, there was ample evidence in the record showing beyond a reasonable doubt that defendant joined in the enterprise of stealing the trailers and using the truck yard adjacent to his residence to facilitate and assist the venture. We conclude that the district court did not err when it denied defendant's motion for acquittal on the aiding and abetting charges.
 
 
 7
 Finally, defendant challenges whether his sentence should have been computed with a two-point enhancement for greater than minimal participation, pursuant to U.S.S.G. § 2B1.1(b)(5).[2] There are two aspects to this issue: how much planning was involved and defendant's role in the offense. Both are factual determinations which we review under a clearly erroneous standard. Cf. United States v. Sanchez, 914 F.2d 206, 207 (10th Cir.1990) (examination of "minimal planning" in the context of credit card fraud under U.S.S.G. § 2F1.1(b)(2)(A)); see also United States v. Goddard, 929 F.2d 546, 548 (10th Cir.1991) (reviewing court gives "due deference to the district court's application of the Sentencing Guidelines to the facts").
 
 
 8
 Section 1B1.1, Application note 1(f) of the Sentencing Guidelines instructs that " '[m]ore than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." This case, as presented to the jury, involved four thefts of loaded truck trailers over a thirteen-month span of time, all repeating similar fact patterns. These thefts were all part of the conspiracy for which defendant was convicted, and defendant was also convicted of aiding and abetting two of the thefts. His role in these multiple offenses as a co-conspirator who provided the storage and distribution facility for the stolen merchandise and as "paymaster" on at least two occasions for those who actually stole the loaded trailers was sufficient evidence to support the two-point enhancement. The district court was not clearly erroneous in its evaluation of this evidence, and thus its application of U.S.S.G. § 2B1.1 was appropriate.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 2 U.S.S.G. § 2B1.1(b)(5) provides: "Larceny, Embezzlement, and Other Forms of Theft If the offense involved more than minimal planning, increase by 2 levels."