972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. MEEK, Defendant-Appellant.
 No. 92-10163.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 17, 1992.
Decided July 22, 1992.
 
 Before WALLACE, Chief Judge, and GOODWIN and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Meek appeals his sentence under the Sentencing Guidelines after a guilty plea to one count of connecting parts of different notes, in violation of 18 U.S.C. § 484. We affirm.
 
 BACKGROUND
 
 3
 Meek was indicted on May 2, 1990, on one count of uttering counterfeit obligations, in violation of 18 U.S.C. § 472 (Count 1), and one count of connecting parts of different notes, in violation of 18 U.S.C. § 484 (Count 2). The indictment alleged that Meek entered a Taco Bell restaurant in Phoenix on December 29, 1988, and handed the cashier an altered federal reserve note--a one dollar bill with the ends of a ten dollar bill glued over the corners. Meek asked for change. Not fooled, the Taco Bell manager called the police. Meek was subsequently arrested and found in possession of another altered note, 23 sets of ten dollar bill corners, scissors, and glue. Meek confessed and informed investigators that he had previously attempted to pass another altered note at a Circle K store but had been foiled there as well.
 
 
 4
 Meek was arrested on September 18, 1991. After a detention hearing the next day, he was released on a $25,000 bond. Meek originally pled not guilty but changed his plea to guilty on November 7, 1991. Under the plea agreement, Meek agreed to plead guilty to Count 2 and waive all appeal rights in exchange for the government's dismissal of Count 1.
 
 
 5
 Meek was arrested twice while on pretrial release, first on October 29 for aggravated assault on a man staying with Meek's ex-girlfriend and then on November 8 for trespassing at the same residence. Two weeks later, Meek skipped bail.
 
 
 6
 On December 12, 1991, Pretrial Services filed a petition with the district court to revoke Meek's release. The petition stated that Meek had not reported to Pretrial Services since November 19 and that his whereabouts were unknown. Meek was subsequently arrested on December 11 and detained pending sentencing. On December 16, 1991, Meek appeared before the court and admitted the allegations in the revocation petition. He explained that he had disregarded the conditions of his release in order to work out "personal problems" with his girlfriend. He stated: "I am happy that I did what I did, because I did save the relationship."
 
 
 7
 At the January 27, 1992 sentencing hearing, the district court rejected the plea agreement because of a stipulation that would have allowed Meek to withdraw his plea if the court imposed a two-level increase for committing an offense involving more than minimal planning. The court set a trial date, and the parties promptly negotiated another plea agreement. Under the second agreement, Meek agreed to plead guilty to Count 2 and to waive his appeal rights unless the district court imposed an upward adjustment for obstruction of justice.
 
 
 8
 On February 27, 1992, the district court sentenced Meek to 10 months imprisonment and 36 months supervised release. The court increased Meek's base offense level by two levels because Meek had obstructed justice by jumping bail and by two more levels because the offense involved more than minimal planning. The court also relied on the fact that Meek had skipped bail in declining to give Meek a two-level reduction for acceptance of responsibility. Meek timely appealed.
 
 DISCUSSION
 A. The Obstruction of Justice Enhancement
 
 9
 Meek argues that he did not obstruct justice when he failed to report to the Pretrial Services officer as directed by the district court. The Sentencing Guidelines provide for a two-level enhancement in a defendant's base offense level:
 
 
 10
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense.
 
 
 11
 United States Sentencing Commission, Guidelines Manual § 3C1.1 (1991). The commentary to this section instructs that the enhancement should be applied if the defendant escapes or attempts to escape from custody prior to trial or sentencing. U.S.S.G. § 3C1.1 application note 3(e).[1]
 
 
 12
 This court has held that once the district court "finds facts sufficient to constitute an obstruction of justice, the point addition for the obstruction is mandatory." United States v. Avila, 905 F.2d 295, 297 (9th Cir.1990). The district court's finding that a defendant obstructed justice is a factual determination which we review for clear error. United States v. Christman, 894 F.2d 339, 342 (9th Cir.1990).
 
 
 13
 Meek maintains that although he violated the conditions of his release by not reporting to Pretrial Services, he did not actually obstruct or impede the administration of justice because he only stopped reporting after his presentence interview and did not miss any court appearances. This argument ignores the fact that Meek had to be re-arrested in order to be sentenced.
 
 
 14
 In Avila, we affirmed a sentence enhancement under section 3C1.1 where the defendant absconded from pretrial supervised release for five months and then voluntarily turned himself in. 905 F.2d at 297. Avila thus stands for the proposition that bail jumping constitutes an obstruction of justice for purposes of section 3C1.1. The district court did not err.
 
 B. Acceptance of Responsibility
 
 15
 Meek contends that the district court erred in denying him a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We review the district court's finding under the clearly erroneous standard. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). The commentary to section 3E1.1 states:
 
 
 16
 Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.
 
 
 17
 U.S.S.G. § 3E1.1 application note 4. Meek's case is not extraordinary. He simply chose to ignore the court's release conditions and tend to problems in his personal life. There was no error.
 
 
 18
 C. The Enhancement for More Than Minimal Planning
 
 1. Waiver
 
 19
 Pursuant to U.S.S.G. § 2F1.1(b)(2), the district court imposed a two-level increase for Meek's having committed the instant offense with "more than minimal planning." The government argues vigorously that Meek waived his right to appeal this issue in his plea agreement. Paragraph 6 of that agreement states:
 
 
 20
 Defendant hereby waives any right to raise and/or appeal and/or file any post-conviction writs of habeas corpus or coram nobis concerning any matter pertaining to the prosecution including all motions, defenses, probable cause determinations, and objections and to the court's entry of judgment against defendant and imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals). The defendant retains the right to appeal his sentence if the Court imposes a two-level increase for obstruction of justice pursuant to Section 3C1.1 of the Sentencing Guidelines.
 
 
 21
 Plea Agreement at 4. During the plea colloquy, Meek indicated to the district judge his understanding of the waiver provision:
 
 
 22
 THE COURT: Are you waiving your rights in this plea agreement to appeal any sentence that the Court would impose?
 
 
 23
 MEEK: There is a stipulation, I believe.
 
 
 24
 THE COURT: What is--what is your understanding of the stipulation?
 
 
 25
 MEEK: My understanding is that I give up all rights to appeal, unless the Court in its sentence, finds it appropriate to administer an extra two level increase for obstruction of justice.
 
 
 26
 RT 34 (Feb. 21, 1992).
 
 
 27
 An express waiver of statutory appeal rights in a negotiated plea agreement is valid if knowingly and voluntarily made. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990). We review the voluntariness of such waivers de novo. Id. at 320.
 
 
 28
 As Meek points out, however, the plain terms of the plea agreement reserved to Meek "the right to appeal my sentence" if the district court imposed a two-level increase for obstruction of justice, and those terms do not limit Meek's right of appeal to issues related to the obstruction adjustment.
 
 
 29
 We apply principles of contract law in interpreting plea agreements, and the terms of an agreement are determined by objective standards. United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979). Under this approach, the government is held to the literal terms of its bargain. United States v. Kamer, 781 F.2d 1380, 1389 (9th Cir.), cert. denied, 479 U.S. 819 (1986); United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986); United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984). Because Meek's plea agreement does not clearly restrict Meek's appeal rights to the correctness of the district court's obstruction of justice adjustment, we conclude that Meek has not waived his right to appeal the "more than minimal planning" adjustment.[2] We therefore proceed to the merits of Meek's challenge.
 
 
 30
 2. Finding of "more than minimal planning"
 
 
 31
 The term "more than minimal planning" is defined in relevant part as follows:
 
 
 32
 "More than minimal planning" means more planning than is typical for commission of the offense in a simple form. "More than minimal planning" also exists if significant affirmative steps were taken to conceal the offense....
 
 
 33
 U.S.S.G. § 1B1.1 application note 1(f). The district judge offered the following justification for the two-level increase:
 
 
 34
 It certainly took minimal planning to figure out how to cut the corners off and piece them together. My recollection is also in looking at the presentence reports that he had glue in his pocket.
 
 
 35
 RT at 15 (Feb. 27, 1992).
 
 
 36
 Meek argues that the district court erred because Meek did not do any more planning than is typical for commission of an 18 U.S.C. § 484 violation in simple form. Meek's argument has a certain intuitive appeal. Gluing together pieces of currency would seem to be the bare essence of the instant offense, and it is hard to imagine a simpler modus operandi.
 
 
 37
 We nevertheless conclude that the district court's determination was not clearly erroneous. At the time of his arrest, Meek possessed the raw materials necessary to produce 23 altered bills. The Sentencing Guidelines commentary states that "more than minimal planning" is deemed present "in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1 application note 1(f). Where there is evidence that a defendant has made preparations for repeated commissions of an offense, an enhancement for "more than minimal planning" is justified. See United States v. Martinez-Gonzalez, No. 90-50561, slip op. 5165, 5171 (9th Cir. May 5, 1992) (as amended); see also United States v. Ojo, 916 F.2d 388, 392 (7th Cir.1990) (holding that "forethought and planning" required in obtaining multiple false identification cards over six-month period justified sentence enhancement for "more than minimal planning" for defendant charged with using false Social Security to open bank account); United States v. Sanchez, 914 F.2d 206, 207 (10th Cir.1990) (affirming § 2F1.1(b)(2) adjustment where defendant used stolen credit card 15 times).
 
 
 38
 Meek's sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We apply the version of the Sentencing Guidelines in effect at the time of Meek's sentencing. See 18 U.S.C. § 3553(a)(4), (5); United States v. Turner, 898 F.2d 705, 709 n. 1 (9th Cir.), cert. denied, 495 F.2d 962 (1990). We note that Meek would also be eligible for a two-level increase under the version of the guidelines in effect at the time he committed the offense of conviction. See U.S.S.G. § 3C1.1 comment. (1989) (stating that the section applies to defendants who "engage[ ] in conduct calculated ... to willfully interfere with the disposition of criminal charges, in respect to the instant offense")
 
 
 [2]
 An argument might be made, although the government does not make it, that where the terms of a plea agreement are ambiguous, what the parties reasonably understood those terms to mean should be determined by the district court in the first instance. See, e.g., United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986). Because the plain terms of Meek's agreement do not evidence a waiver of his right to appeal the "minimal planning" issue in this case, such a remand is not necessary