986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darrel Gene MORGAN, Defendant-Appellant.
 No. 92-1205.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Darrel Gene Morgan agreed to plead guilty to one count of burglary of a post office in exchange for the dismissal of other counts. He appeals his subsequent sentence, claiming the district court misapplied the Sentencing Guidelines in three particulars. He asserts error in the imposition of enhancements for the amount of the loss, more than minimal planning, and criminal history. We affirm.
 
 
 2
 In his plea agreement with the government, Mr. Morgan stipulated:
 
 
 3
 On January 1, 1992, Defendant DARREL GENE MORGAN burglarized the Battlement Mesa, Colorado, post office facility. Mr. MORGAN stole 80 postal money orders and a money order imprinter. After the burglary defendant returned to his mother's house (where his wife and her daughters were staying) and ordered them to come with him. After leaving Colorado and entering Utah, Mr. Morgan told his wife that he had burglarized a post office in Colorado.
 
 
 4
 Their travel took them into Nevada, Arizona, Texas, Alabama, Florida, Georgia, through the southern states into Oklahoma. During their travels Mr. Morgan imprinted the money orders and cased [sic] them, giving monies to his wife to spend. The total amount of the money orders cashed was $24,100.00. Their sole source of cash was the stolen money orders. While in Florida, Mr. MORGAN attempted to cash one of the stolen money orders at South Bay, Florida, Post Office. The stolen nature of the money order was detected by postal employees but Mr. Morgan left the post office without incident. Mr. MORGAN then placed the stolen imprinter in a box and mailed it to his mother in DeBeque, Colorado.
 
 
 5
 Defendant was arrested, along with this wife and co-defendant Adelia Mae Morgan, in Cache, Oklahoma, on federal warrants arising out of this offense.
 
 
 6
 In addition, it is uncontested that Mr. Morgan also imprinted forty-five additional money orders in the amount of $700 each. These money orders were found in his possession when he was arrested.
 
 
 7
 The district court sentenced defendant to a term of twenty-one months. To reach this sentence, the court found the "total loss in this case to be $55,600 which results in a three-level upward adjustment pursuant to [U.S.S.G. s] 2B2.1." The court also applied a two-level upward adjustment for more than minimal planning and one criminal history point for defendant's conviction in state court of the offense of "driving while ability impaired." Defendant asserts these enhancements were incorrect.
 
 
 8
 Defendant first argues that his possession of "uncashed money orders" was an incomplete offense; therefore, when the trial court took into consideration the value of those money orders, the court erred. He maintains he should have been sentenced under the provisions of U.S.S.G. § 2X1.1 pertaining to incomplete offenses. Defendant misperceives the import of that section.
 
 
 9
 The offense of conviction, burglary, was a complete offense. The issue, then, is not whether defendant was apprehended before he had a chance to fully carry out his criminal design, but rather the amount of the loss sustained as a consequence of that design. Defendant's argument mixes two concepts: (1) the proper sentence for an incomplete offense of conviction, and (2) the proper guideline based upon the amount of loss created by a completed crime.
 
 
 10
 The district court properly relied upon § 2B2.2(b)(2) because that is the section applicable to the crime of conviction. Moreover, the determination of the value of the loss, including the "uncashed" money orders was equally correct. See § 2B1.1, comment. (n.2). (The amount of loss in case of a money order "is the loss that would have occurred if the ... money order had been cashed.")
 
 
 11
 Defendant next contends that because he burglarized the post office on the spur of the moment while drunk, there was no planning at all for his offense, let alone more than minimal planning. The district court held that more than minimal planning was involved because the conversion of the stolen money orders during his two-month travel and spending spree constituted "repeated acts over a period of time" sufficient to meet the definition of "more than minimal planning." U.S.S.G. § 1B1.1, comment. (n. 1(f)). We have already approved this reasoning. United States v. Sanchez, 914 F.2d 206, 207 (10th Cir.1990).
 
 
 12
 Finally, defendant argues under Colorado law, driving while impaired is "the lesser offense" of driving while intoxicated. Therefore, instead of applying the criminal history point set forth in § 4A1.1(c), the court should have held the offense was a minor traffic infraction under § 4A1.2(c)(2) and awarded no criminal history points. The district court, however, relied upon § 4A1.2, comment. (n. 5), which states: "Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known ) are counted. Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c)." (emphasis added).
 
 
 13
 Whatever the provisions of Colorado law are, the guidelines are clear. Any offense "similar" to driving while intoxicated constitutes a prior offense for criminal history purposes. Within that context, there can be no sensible argument that impaired driving is not "similar" to intoxicated driving, nor is it supportable to suggest that driving while impaired is "similar" to speeding, and thus a minor traffic infraction under § 4A1.2(c)(2).
 
 
 14
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3