996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce J. BIRR, Defendant-Appellant.
 No. 93-1010.
 United States Court of Appeals, Tenth Circuit.
 June 11, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Bruce J. Birr appeals the district court's order denying his motion to correct his sentence pursuant to 28 U.S.C. § 2255 (1988). Mr. Birr pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344(a)(1) (West Supp.1993). At sentencing, he received several guideline increases resulting in a sentence of 24 months with 3 years supervised release. He was also ordered to pay restitution in the amount of $54,426.50. Mr. Birr did not appeal his sentence. In this habeas action, he alleges that the district court erred in determining his guideline sentence, that the district court abused its discretion in ordering restitution and in determining the amount of restitution, and that he was denied effective assistance of counsel. We affirm.
 
 
 3
 As vice-president and director of the First National Bank of Vail, Mr. Birr concealed overdrafts in the account of ACE Hardware, Inc. with false entries in the bank's general ledger. The loss from this scheme exceeded $725,000. In addition, he issued and cashed cashier's checks made payable to fictitious individuals for his personal use. The total loss from this scheme was $54,426.50. Mr. Birr initiated contact with the government concerning his activities at the bank and described these schemes in detail. Pursuant to a plea agreement, Mr. Birr pled guilty to one count of bank fraud, but he was not convicted of the cashier's checks scheme.
 
 
 4
 Mr. Birr argues on appeal that the district court's findings of more than minimal planning, U.S.S.G. § 2F1.1(b)(2)(A), and abuse of trust, U.S.S.G. § 3B1.3, are clearly erroneous; that it is incorrect to refer to the amount of loss stipulated to in the plea agreement and that, instead, the correct amount should be the loss at the time of sentencing; that there is no evidentiary basis for finding that Mr. Birr has the capability to pay the amount of restitution ordered and that the amount of restitution ordered is not related to the offense for which he was convicted;[1] and finally, that his counsel's performance was deficient in that he did not argue for further downward departures.
 
 
 5
 We review questions of fact under the clearly erroneous standard, while questions of law interpreting the sentencing guidelines are reviewed de novo. United States v. Hershberger, 962 F.2d 1548, 1550 (10th Cir.1992); United States v. Gardner, 940 F.2d 587, 590 (10th Cir.1991). We review the district court's findings of fact in determining guideline adjustment levels for clear error, United States v. Sanchez, 914 F.2d 206, 207 (10th Cir.1990), and review a district court order for restitution for abuse of discretion, United States v. Richard, 738 F.2d 1120, 1122 (10th Cir.1984).
 
 
 6
 We have reviewed the record and Mr. Birr's legal arguments and authorities. We are persuaded that the district court's findings are not clearly erroneous and that the district court did not abuse its discretion. We also agree with the district court that Mr. Birr's claim of a denial of effective assistance of counsel must fail. Mr. Birr did receive a downward departure of two points for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Rec., supp. vol. II, at 19-20. Furthermore, in response to arguments made by counsel, the district court carefully considered a range of possible downward departures available under the guidelines, but did not find them applicable. Id. at 20-24. We therefore AFFIRM the district court's order denying Mr. Birr's section 2255 motion substantially for the reasons stated therein.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In this regard, Mr. Birr assumes that the restitution order is invalid because the amount ordered was equal to the amount of loss from activities Mr. Birr was not convicted of, namely, the cashier's check scheme. See Hughey v. United States, 495 U.S. 411 (1990). The district court, however, explained that the amount of the restitution order related to the Ace Hardware scheme, wherein the total loss exceeded $700,000. See rec., vol I, doc. 7 at 2-3; rec., supp. vol. X, at 31