42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David William LADD, Defendant-Appellant.
 No. 93-2556.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 Before: NELSON, SUHRHEINRICH, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an "access device fraud" case in which the defendant pleaded guilty to a one-count indictment charging him with having violated 18 U.S.C. Sec. 1029(a)(2) by fraudulently using AT & T Universal credit cards that he acquired with another person's social security number. The defendant told the district court that he calculated his guideline sentencing range to be 12-18 months. The court accepted the government's calculation of the guideline range, which was 18-24 months. Denying a request for a downward departure, but indicating that it had decided to impose a sentence at the bottom of the guideline range, the court sentenced the defendant to be imprisoned for a term of 18 months.
 
 
 2
 The defendant has appealed the sentence, arguing that the district court erred when it increased his offense level, pursuant to U.S.S.G. Sec. 2F1.1(b)(2), for "more than minimal planning." The defendant also argued, initially, that the court erred by increasing his offense level under U.S.S.G. Sec. 2F1.1(b)(1) for a loss exceeding $10,000. As the government's appellate brief notes, however, a plea agreement signed by the defendant and his lawyer on November 15, 1993, stipulated that the loss was more than $10,000 and that the court could order restitution in an amount up to $12,650.05. The reply brief does not challenge the proposition that the defendant is bound by his plea agreement.
 
 
 3
 Were we to conclude that the district court erred in finding that the defendant engaged in more than minimal planning, the defendant's sentence would still come within the guideline range as calculated by the defendant. In the event of a remand, therefore, the district court would still be free to impose an 18-month sentence if so minded. Except for the possibility that the selection of the present sentence was influenced by a desire to impose the lowest possible sentence within the applicable guideline range, we might be inclined to view a remand as a vain act in any event. Be that as it may, we are not persuaded that the district court erred in its "more than minimal planning" finding--and we shall affirm the sentence on that basis.
 
 
 4
 * When the defendant, David William Ladd, obtained the first of his several credit cards from AT & T, he used his true name and address but fraudulently gave the social security number of a former roommate. Based on the information provided in the initial credit application, Mr. Ladd subsequently obtained a second card and then a third one, each with its own credit limit. Two of the cards were later reported stolen, and Ladd obtained replacements for both of them.
 
 
 5
 The defendant used the credit cards more than 500 times. When his fraud was finally discovered, he had an outstanding balance in excess of $20,000. AT & T charged approximately $8,000 back to merchants with which the defendant had dealt, reducing the unpaid balance to $12,650.05.
 
 
 6
 The plea agreement signed on November 15, 1993, recited that the parties had not reached agreement as to whether Ladd's offense involved "more than minimal planning." This factor was left for submission to the district court--and the court, as we have seen, found that the defendant's crime did involve more than minimal planning.
 
 II
 
 7
 United States Sentencing Guideline Sec. 2F1.1(b)(2) provides that if an offense involving fraud or deceit entailed "more than minimal planning" or "a scheme to defraud more than one victim," the offender's offense level is to be increased by two levels. The Guidelines Manual defines "more than minimal planning" as follows:
 
 
 8
 " 'More than minimal planning' means more planning than is typical for commission of the offense in a simple form.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. Consequently, this adjustment will apply especially frequently in property offenses.
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 In an embezzlement, a single taking accomplished by a false book entry would constitute only minimal planning. On the other hand, creating purchase orders to, and invoices from, a dummy corporation for merchandise that was never delivered would constitute more than minimal planning, as would several instances of taking money, each accompanied by false entries." U.S.S.G. Sec. 1B1.1, Application Note 1(f).
 
 
 15
 The defendant contends that he gave AT & T a false Social Security number only once--in the initial credit card application--and that his offense was not one "involving repeated acts over a period of time" or "several instances of taking money, each accompanied by false entries," within the meaning of the application note. We disagree.
 
 
 16
 Based on the false social security number he gave AT & T initially, Ladd sought and obtained four additional credit cards, materially increasing his credit limit in the process. He had no reason to doubt that AT & T would rely on the false information in processing his various requests.
 
 
 17
 In considering whether an offense level enhancement was warranted here, moreover, we look not only to the circumstances under which Ladd obtained his five credit cards and progressive increases in his credit limit, but also to the use made of the credit cards. In United States v. Jones, 933 F.2d 353 (6th Cir.1991), a somewhat similar case, we upheld an enhancement for more than minimal planning where the defendant "not only used elaborate falsehoods in obtaining the credit cards, she used the cards to make numerous purchases at a variety of stores." Id. at 355 (citing United States v. Sanchez, 914 F.2d 206, 207 (10th Cir.1990)) (emphasis supplied). The phrase "repeated acts over a period of time" is broad enough to cover repeated use of a fraudulently obtained credit card.
 
 
 18
 Mr. Ladd used his fraudulently obtained credit cards hundreds of times, as noted above, running up unpaid balances in excess of $20,000. Regardless of whether more than one victim was defrauded--and some $8,000 was charged back to merchants with which Ladd dealt, it will be recalled--the defendant's repeated obtaining of credit cards under false pretenses and his extensive use of the credit cards so obtained constituted conduct that was not "purely opportune," see Application Note 1(f), supra, and that involved "more than minimal planning." See United States v. Ivery, 999 F.2d 1043, 1046 n. 4 (6th Cir.1993) ("Conduct is 'purely opportune' only if it is spur of the moment conduct, intended to take advantage of a sudden opportunity"). There is nothing to the contrary in United States v. Kim, 23 F.3d 513 (D.C.Cir.1994), a case cited by the defendant in oral argument.
 
 
 19
 AFFIRMED.