68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Claude Arthur JACKSON, Defendant-Appellant.
 No. 94-6594.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1995.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and EDMUNDS, District Judge.*
 PER CURIAM.
 
 
 1
 This case involves an appeal from a sentence of fifteen months imprisonment and three years supervised release for embezzlement from a union. Pursuant to the sentencing guidelines, the district court gave the defendant, Claude Arthur Jackson, a two-level increase in his offense level because the offense involved more than minimal planning. USSG Sec. 2B1.1(b)(5) (1993) (two-level increase "if the offense involved more than minimal planning").
 
 
 2
 The facts of the case are that between January and June of 1991, Jackson converted two union dues checks for his use on two separate occasions, and wrote five checks to himself on five separate occasions on the bank account of the union of which he was serving as an officer. In order to cover up his defalcation, he did not sign his own name but signed the name of other officers who were authorized to sign. Also, in order to conceal the conversion, he did not make the proper entries in the union's books. The defendant pled guilty to these charges. At his sentencing, Jackson's counsel sought to reduce the offense level from a nine to a seven, arguing that Jackson had committed this crime without even minimal planning. The district court rejected this argument and determined that the defendant had been involved in more than minimal planning.
 
 
 3
 This Circuit has addressed this issue on several occasions, and we feel that the district court committed no error. In United States v. Ivery, 999 F.2d 1043, 1046 (6th Cir.1993), we held that three situations could give rise to a two-point enhancement for more than minimal planning, two of which are: 1) the defendant commits repeated acts over a period of time "unless each instance is purely opportune," and 2) the defendant takes significant steps to conceal the crime. Id. at 1046 (citing USSG Sec. 1B1.1, comment n. 1(f)). We also observed in Ivery that, "[i]n an embezzlement, a single taking accomplished by a false book entry would constitute only minimal planning." Id. Here, however, there is evidence from which a district court could find, by a preponderance, that Jackson took more significant steps to conceal his crime, including forging the names of other officers on the checks and failing to record the two dues checks on two separate occasions. Also, Jackson's crime took place over a period of six months, during which time he cashed seven checks on seven separate occasions. This series of acts was not performed on the spur of the moment.
 
 
 4
 This case is also controlled by our decision in United States v. Jones, 933 F.2d 353, 354 (6th Cir.1991) (discussing the question of minimal planning). In that case there was a greater amount of planning and concealment of the credit card fraud, but the sentence was commensurately greater. In Jones, the defendant used the cards to make eight purchases on eight different occasions and used false names as well as false social security numbers and personal information. We affirmed the district court's decision enhancing Jones' sentence for more than minimal planning. Id. at 354. This case is similar in that a series of acts occurred over a period of time and the defendant here used false names to commit the embezzlement and failed to record checks in order to hide their existence.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation