91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sir Victor William BRYANT, I, Defendant-Appellant.
 No. 96-1240.
 United States Court of Appeals, Seventh Circuit.
 Argued July 10, 1996.
Decided July 12, 1996.
 
 Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Appellant was convicted of credit card fraud, in violation of 18 U.S.C. § 1029(a)(2), and was sentenced to 15 months' imprisonment. He makes two arguments on appeal: that the district court abused its discretion in admitting evidence of prior, similar acts, and that the court erred in adding two offense levels for "more than minimal planning."
 
 
 2
 While he was on probation for a credit card fraud committed in 1993, Bryant applied for a corporate American Express card, attributing to his mother a fictitious business with 17 employees; he obtained a card naming himself as an authorized purchaser on the corporate account. Then he made purchases for which he did not pay. The fraud--using his mother's name and making up an apparently substantial business, to avoid any inquiry into his own sorry credit history--is obvious. His defense is that he intended to pay the bills but found himself unable to do so. We doubt that this is a defense, but it opened the door to evidence of the 1993 fraud, in which Bryant incurred bills of more than $12,000 without paying. Evidence Rule 404(b) permits prior crimes to be introduced to show intent, an apt description of the use the prosecutor made of the evidence here. It may be, as Bryant contends, that the details of the crimes differ--in 1993 he used strangers' names, and this time he applied his mother's name to a fictitious business--but differences of this kind go to the weight rather than the admissibility of the evidence. See United States v. Lloyd, 71 F.3d 1256, 1265 (7th Cir.1995). The district judge did not abuse his discretion (the relevant legal standard, which Bryant essentially ignores).
 
 
 3
 As for the sentence: the district judge added two levels under U.S.S.G. § 2F1.1(b)(2) after concluding that the planning was "more than minimal." Again our review is deferential, Koon v. United States, 64 U.S.L.W. 4512, 4516-17 (U.S. June 13, 1996). We do not think that the judge abused his discretion. Bryant did not just make a false statement or two in a credit-card application. He invented an entire business (which he said his 84-year-old mother ran), with 17 employees. He used the fraudulently obtained card more than 150 times over the next seven months. We have sustained planning enhancements on the basis of less forethought and implementation. See United States v. Abdelkoui, 19 F.3d 1178, 1183 (7th Cir.1994); United States v. Pandero, 7 F.3d 691, 694-95 (7th Cir.1993); United States v. Sanchez, 914 F.2d 206, 207 (7th Cir.1990). This was not an opportunistic or spur-of-the-moment fraud.
 
 
 4
 AFFIRMED.