**UNITED STATES of America, Plaintiff,**

v.

**Joseph Perry SOARES, III, Defendant.**

**No. SACV97–0544–GLT(GMT).**

United States District Court,
C.D. California.

Dec. 4, 1997.

Jean A. Kawahara, Asst. U.S. Atty., U.S. Attorney's Office, Santa Ana, CA, for Plaintiff.

Joseph Perry Soares, Lompoc, CA, in pro per.

### ORDER

TAYLOR, District Judge.

Following the majority rule, the court holds accrued contractual interest is properly included in the calculation of actual loss for guideline sentencing purposes.

Following his conviction and sentence for making a false statement to a federally insured lending institution (18 U.S.C. § 1014), defendant moves to correct his sentence under 28 U.S.C. § 2255. In addition to other issues resolved in a separate unpublished opinion, the issue arises whether accrued interest on the subject home mortgage loan may properly be included in the loss calculation for guideline sentencing purposes. There is apparently no Ninth Circuit authority on this issue.

■ In calculating the appropriate sentencing guideline range under the United States Sentencing Commission, *Guidelines Manual* ("U.S.S.G."), the amount of loss for an offense involving fraud or deceit is the greater of the "intended loss" or the "actual loss." U.S.S.G. § 2F1.1, comment. (n.7) (1997). In this case, the principal loss (the difference between the loan amount and the sale proceeds from the property security) was $164,376. The issue is whether it is proper to add to that loss the "accrued interest" on the loan—i.e., the interest that would have been earned between loan default and retaking possession of the loan security.

The Ninth Circuit has not ruled on this issue. In *United States v. Allen*, 88 F.3d 765 (9th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1565, 137 L.Ed.2d 711 (1997), the Ninth Circuit considered the question of how actual losses would be calculated after a fraudulent loan application conviction. Although *dicta* in *Allen* may have hinted at the inclusion of accrued interest in the actual loss calculation, the court did not actually reach the issue. *See id.* at 770–71.

All but one other circuit that has ruled on this issue has approved including accrued interest in the calculation of actual loss. *E.g., United States v. Gilberg*, 75 F.3d 15, 19 (1st Cir.1996); *United States v. Henderson*, 19 F.3d 917, 928 (5th Cir.1994), *cert. denied*, 513 U.S. 877, 115 S.Ct. 207, 130 L.Ed.2d 137 (1994); *United States v. Jones*, 933 F.2d 353, 354–55 (6th Cir.1991); *United States v. Allender*, 62 F.3d 909, 917 (7th Cir.1995), *cert. denied*, 516 U.S. 1076, 116 S.Ct. 781, 133 L.Ed.2d 732 (1996); *United States v. Lowder*, 5 F.3d 467, 471 (10th Cir.1993). To the contrary is *United States v. Hoyle*, 33 F.3d 415, 419 (4th Cir.1994), *cert. denied*, 513 U.S. 1133, 115 S.Ct. 949, 130 L.Ed.2d 892 (1995)(loss calculation under § 2F1.1 should not include accrued interest).

A main reason for difference over this issue is the November 1992 Amendment to U.S.S.G. § 2F1.1 where Congress states loss "does not, for example, include interest the victim *could* have earned on such funds had the offense not occurred." U.S.S.G. § 2F1.1, comment. (n.7) (1997) (emphasis added). In addition, the § 2F1.1 Application Note 7 specifically states the "[v]aluation of loss is discussed in the Commentary to § 2B1.1 (Larceny, Embezzlement, and other Forms of Theft)" which is the only section to define the term "loss." U.S.S.G. § 2F1.1, comment. (n.7) (1997). Section 2B1.1 Application Note 2 in turn provides "loss does not include the interest that *could* have been earned had the funds not been stolen." U.S.S.G. § 2F1.1, comment. (n.2) (1997) (emphasis added).

This language might at first reading appear to prohibit all accrued interest in the loss calculation. But it does not. The language uses the word "could" instead of the word "would" or "should." Thus, many courts have found the language disallows only the " 'opportunity cost' interest, or the time-value of money stolen from victims." *E.g., United States v. Lowder*, 5 F.3d 467, 471 (10th Cir.1993).

As the Seventh Circuit explained, Application Note 7 refers to the speculative "opportunity cost" of misappropriated funds. "It does not refer to a guaranteed specific rate of return that a defendant contracts or promises to pay. This is the interpretation taken by several other circuits." *United States v. Allender*, 62 F.3d 909, 917 (7th Cir.1995), *cert. denied*, 516 U.S. 1076, 116 S.Ct. 781, 133 L.Ed.2d 732 (1996). The Fifth Circuit concluded in *United States v. Henderson*, 19 F.3d 917, 928–29 (5th Cir.1994), *cert. denied*, 513 U.S. 877, 115 S.Ct. 207, 130 L.Ed.2d 137 (1994), "interest should be included [in the sentencing guideline loss calculations] if, as here, the victim had a reasonable expectation of receiving interest from the transaction."

■ In this case, the victim institution had a reasonable expectation of receiving interest under the terms of the fraudulently-obtained loan. *See Allender*, 62 F.3d at 917 ("But for the promise to pay interest, the bank would not have made the loan.").

In the absence of contrary Ninth Circuit authority, the court follows the majority view of other circuits, and holds accrued contractual interest is properly included in the sentencing guideline calculation of actual loss on a fraudulent loan.