**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KIMBERLY DIANE JARVIS,

    Defendant - Appellant.

No. 98-6124
(D.C. No. 97-CR-188)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Kimberly Diane Jarvis appeals her sentence for bank fraud aiding and abetting, 18 U.S.C. §§ 1344, 2(b). She claims that the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. § 2F1.1(b)(2)(A) for more than minimal planning and a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for a managerial or supervisory role. We exercise jurisdiction under 28 U.S.C. § 1291 and Fed. R. App. P. 4(b), and affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jarvis participated in a bank fraud scheme, led by Eric Roberts, in which participants opened accounts at various banks, deposited worthless checks, and then withdrew the funds. At least three other persons—Deana Mitchell, Brady Romines, and Gena Riley—also participated in the scheme.

Jarvis pled guilty to one count of bank fraud aiding and abetting, 18 U.S.C. §§ 1344, 2(b). The district court, using the 1997 edition of the Guidelines Manual, imposed adjustments including those at issue here, resulting in a total offense level of twelve.

"We review the district court's interpretation and application of the sentencing guidelines de novo. We review the court's underlying findings of fact for clear error. We will accept these factual findings unless the record does not support them or, after reviewing the record, 'we are left with the definite and firm conviction that a mistake has been made.'" United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997) (quoting United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990)) (internal citations omitted). "However, a challenge to the conclusion reached that one is a supervisor as defined in the guidelines is primarily legal and the trial court's determination on it is reviewed under a de novo standard." United States v. Brown, 995 F.2d 1493, 1501 (10th Cir. 1993) (citing United States v. Backas, 901 F.2d 1528, 1530 (10th Cir. 1990)).

We conclude that the district court did not clearly err in finding that Jarvis engaged in more than minimal planning. Section 2F1.1(b)(2) provides for a two-level enhancement "[i]f the offense involved . . . more than minimal planning." The relevant Application Notes specify that

> "More than minimal planning" means more planning than is typical for commission of the offense in a simple form. . . . "More than minimal planning" is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. Consequently, this adjustment will apply especially frequently in property offenses.

U.S.S.G. § 1B1.1, comment (n.1). Jarvis does not dispute her participation in opening multiple bank accounts in furtherance of the fraud scheme. Rather, she argues that she was simply a "follower" and a "pawn" in Roberts's scheme. This does not rebut the fact that she clearly participated in repeated acts sufficient to fall within the relevant guideline. Moreover, Jarvis's reliance on United States v. Rice, 52 F.3d 843 (10th Cir. 1995) is entirely misplaced. In that case, we held that the defendant's multiple fraudulent tax returns did not constitute "sophisticated means" for purposes of U.S.S.G. § 2T1.3(b)(2). See Rice, 52 F.3d at 848-49. However, contrary to Jarvis's contention, we affirmed the district court's enhancement of Rice's sentence pursuant to U.S.S.G. § 2F1.1(b)(2)(A), based in part on the fact that Rice carried out his scheme over three consecutive years. See Rice, 52 F.3d at 850; see also United States v. Williams, 966 F.2d 555 (10th Cir. 1992) (holding computer embezzlement scheme constitutes more than

minimal planning); <u>United States v. Sanchez</u>, 914 F.2d 206 (10th Cir. 1990) (holding fifteen uses of stolen credit card constitutes more than minimal planning).

Jarvis additionally challenges the district court's enhancement of her sentence for a managerial or supervisory role, arguing that she was merely one of several followers of Roberts, and simply carried out his instructions. The Guidelines provide for a three-level enhancement "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). The Application Notes provide:

> In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or arranger of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.

U.S.S.G. § 3B1.1, comment (n.4). Upon review of the record, we agree that, taking into account the above factors, Jarvis played a supervisory role within the meaning of the guideline. There was evidence–although disputed–sufficient to support the district court's finding that Jarvis recruited Riley as an accomplice.

Additionally, there was evidence, although again disputed, that Jarvis directed the activities of Riley and Mitchell. Thus, although the statements of Riley and Mitchell are disputed by Jarvis's own statements, given that we review the district court's factual findings for clear error, see United States v. Torres, 53 F.3d 1129, 1142 (10th Cir. 1995), this alone does not leave us "with the definite and firm conviction that a mistake has been made." Easterling, 921 F.2d at 1077. In light of those factors found by the district court—recruitment of accomplices and direction of others—we conclude that the district court appropriately applied U.S.S.G. § 3B1.1(b). We conclude that this case is unlike United States v. Albers, 93 F.3d 1469, 1487-89 (10th Cir. 1996), wherein we reversed an enhancement under § 3B1.1 because the evidence was not sufficient to show the defendant played a leadership role. In Albers, we emphasized that "the gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals." Id. at 1488 (quoting United States v. Roberts, 14 F.3d 502, 519 (10th Cir. 1993)). Although Jarvis was not the primary leader of this scheme, this does not preclude a finding that she played a lesser, but still supervisory role. See U.S.S.G. § 3B1.1 & comment (n.4). The evidence indicates that, while Roberts was the ultimate organizer, Jarvis nevertheless exercised supervisory authority over others. Although the evidence of Jarvis's supervisory role is contested, principally by Jarvis's own statements, we are convinced, upon review

of the record, that the government carried its burden of showing factors sufficient

to justify enhancement of her sentence under U.S.S.G. § 3B1.1(b).

**AFFIRMED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge