51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon Dario TORRES-ANGULO, a/k/a Nicolas Ramirez, Defendant-Appellant.
 No. 94-10408.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Dario Torres-Angulo appeals his conviction following entry of guilty pleas to four counts of illegal possession of ammunition and firearms in violation of 18 U.S.C. Sec. 922(g); possession of heroin with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1); use of false social security numbers in violation of 42 U.S.C. Sec. 408(a)(7)(B); and illegal reentry of a deported alien in violation of 8 U.S.C. Sec. 1326(b)(2). Torres-Angulo contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." United States v. Myers, 993 F.2d 713, 714 (9th Cir.1993). Whether a guilty plea is voluntary is reviewed de novo. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993).
 
 
 4
 A district court "may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). Once a district court has accepted a guilty plea, however, "[t]he defendant has no right to withdraw a plea." United States v. Myers, 993 F.2d 713, 714 (9th Cir.1993). Rather, the burden is on the defendant to demonstrate a fair and just reason for withdrawl. See United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). When a guilty plea has been coerced or induced by illicit promises, it is involuntary and void. United States v. Zweber, 913 F.2d 705, 711 (9th Cir.1990).
 
 
 5
 Here, Torres-Angulo submitted a declaration supporting his motion to withdraw his guilty plea alleging that he had entered a plea of guilty out of fear and confusion. Specifically, Torres-Angulo contends that he was confused and scared by his attorney's statements that if he went to trial, he would surely lose and receive a more severe sentence. Further, Torres-Angulo contends that his attorney failed to tell him that the court was not bound by the sentence agreed upon in the plea agreement.
 
 
 6
 Torres-Angulo's former defense counsel, Rosenthal, submitted a declaration stating that he had informed Torres-Angulo that the plea agreement was not binding on the court. Rosenthal directed the Spanish interpreter to read the plea agreement to Torres-Angulo line-by-line, including the admonition that the court was not bound by the government's sentencing recommendation. Rosenthal declared that he would not have consented to Torres-Angulo's guilty plea if he had any reason to think it was not voluntary, or that Torres-Angulo was frightened and confused.
 
 
 7
 At Torres-Angulo's change of plea hearing, the district court informed Torres-Angulo of the maximum possible penalties, ensured that he had discussed the Sentencing Guidelines with his attorney, and explained that the court would make the ultimate sentencing decision. See United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991); United States v. Garcia, 909 F.2d 1346, 1348-49 (9th Cir.1990). Torres-Angulo acknowledged that he understood that the court's final sentence might differ from his attorney's prediction or the plea agreement. In addition, Torres-Angulo indicated that he had discussed the charges and possible defenses with his counsel, and that he was satisfied with counsel's services.
 
 
 8
 In denying Torres-Angulo's motion to withdraw his guilty plea, the court stated that it found no evidence to support Torres-Angulo's allegation that his former defense attorney had pressured him to plead guilty, or that Torres-Angulo was confused and scared during that proceeding. The court stated:
 
 
 9
 And I think that as far as the presentation that has been made to the court about what took place there, I was there at the time the colloquy took place. I observed it. And to that extent, in addition to that, my assessment of the affidavits that have been presented is that my decision on the credibility is that I accept the credibility of counsel, Mr. Rosenthal.
 
 
 10
 The district court was entitled to believe both Torres-Angulo's testimony at the initial hearing and his former defense counsel's sworn statements, and to disbelieve the allegations in Torres-Angulo's declaration in support of his motion to withdraw the guilty plea. See U.S. v. Hoyos, 892 F.2d 1387, 1399 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 11
 In light of the evidence, we cannot say that Torres-Angulo's guilty plea was involuntary or that the district court abused its discretion by declining to grant his motion to withdraw his guilty plea. See Zweber, 913 F.2d at 711; Hoyos, 892 F.2d at 1400.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3